CAMERON AUTOMOBILE CO. v. BERRY.
(No. 7809.)

(Court of Civil Appeals of Texas. Dallas. Nov. 3, 1917.)

1. LIMITATION OF ACTIONS ☞29(1)—STATUTE OF LIMITATIONS — CURRENT ACCOUNT BETWEEN MERCHANT AND MERCHANT.

Where defendant pleaded the two-year statute of limitation, plaintiff's reply that the account sued on was "made in mutual current trade between merchant and merchant," and was not barred until four years, was not subject to exception, being within Rev. St. art. 5688, subd. 3.

2. LIMITATION OF ACTIONS ☞85(2)—ABSENCE FROM STATE.

In a suit to recover on a sworn account, defendant setting up the statute of limitations, the court erred in sustaining exception to a paragraph of plaintiff's pleading alleging that defendant was out of the state some of the time during which the cause of action might have been maintained, since by Rev. St. art. 5702, the time of defendant's temporary absence from the state is not counted in determining whether the cause of action is barred by limitations.

3. JUSTICES OF THE PEACE ☞174(20) — APPEAL TO COUNTY COURT — AMENDMENT OF PLEADINGS—RULES.

On appeal from a justice court to the county court, the pleadings being oral in justice court, an amendment thereto may be made orally, and such pleadings need not comply strictly with the rules of pleading, as when the case originates in the county court.

4. JUSTICES OF THE PEACE ☞174(22) — APPEAL TO COUNTY COURT — PLEADING NEW PROMISE.

In the county court on appeal from a justice court, it was not permissible for plaintiff to allege a new promise of defendant's, renewing the account sued on, defendant having pleaded the bar of limitations; such new promise not having been pleaded in justice court.

Appeal from Dallas County Court; T. A. Werk, Judge.

Suit by the Cameron Automobile Company against R. G. Berry. From a judgment for defendant, plaintiff appeals. Judgment reversed, and cause remanded.

Wood & Wood and W. W. Hagebush, all of Dallas, for appellant. John G. Wilson, of Dallas, for appellee.

RAINEY, C. J. This suit was brought by appellant against appellee in the justice court to recover on a sworn account. Judgment was rendered against appellee for $128, from which he appealed to the county court.

In the county court appellant pleaded orally in answer to the plea of the two-year statute of limitation, theretofore filed in the justice's court by appellee, that the said account was "made in mutual current trade between merchant and merchant, not that the same is not, therefore, barred by limitation, but that the four-year statute would apply." It further pleaded that appellee was out of the state some of the time during which this cause of action might have been maintained, and also pleaded that before the two years had elapsed from the time said debt was due, defendant promised and agreed in writing to pay said account. Exceptions were interposed to said pleas by appellee, which were sustained by the court, and the appellant refusing to amend judgment was rendered for appellee, from which this appeal is taken.

[1] 1. The court erred in sustaining appellee's exception to paragraph 1 of appellant's pleading that the account sued on was a mutual current account made between "merchant and merchant." When accounts are so made the statute fixed four-year limitation to bar an action, and the two-year statute does not apply. Article 5688, subd. 3, R. S.

[2] 2. The court also erred in sustaining

exception to paragraph 3 of appellant's pleading, where it was alleged "that appellant was out of the state some of the time during which this cause of action might have been maintained."

3. The two foregoing pleas 1 and 2 were made to defeat the two-year statute of limitation though made in the county court on appeal. They set up no new cause of action, and if it were shown by evidence on the trial that the transactions were between merchant and merchant, or that the appellee was out of the state a sufficient time to prevent the statute running, appellant was entitled to recover. R. S. 5702.

[3] 4. In an appeal from the justice's court to the county court the pleadings being oral in the justice's court, an amendment thereto may be made orally and such pleadings need not comply strictly with the rules of pleading as when the case originated in the county court. Barnes v. Sparks, 62 Tex. Civ. App. 451, 131 S. W. 610.

[4] 5. There was no error in sustaining the exception to the paragraph where the appellant alleged a new promise which renewed the account. This constituted a new cause of action, and it is not permissible to so plead, such promise not having been pleaded in the justice's court, but pleaded here for the first time.

6. For the error in sustaining the two exceptions above mentioned, the judgment is reversed, and the cause remanded.