[Civil No. 4714. Filed July 2, 1945.]

[160 Pac. (2d) 331.]

# WESTERN COAL & MINING COMPANY, Appellant, v. FRED G. HILVERT, Appellee.

Messrs. Ellinwood & Ross, and Mr. Jos. S. Jenckes, Jr., for Appellant.

Messrs. Kramer, Morrison, Roche and Perry, for Appellee.

LaPRADE, J.—This action comes to this court on appeal for the second time. For a full statement of the facts, reference is made to our former opinion. See *Western Coal & Mining Co.* v. *Hilvert,* 60 Ariz. 537, 142 Pac. (2d) 411. The action was instituted by

appellant for the purpose of securing judgment against appellee upon three promissory notes, two of which were dated at Cincinnati, Ohio, and made payable at St. Louis, Mo. The third note was dated at St. Louis, Mo., and made payable at St. Louis. The notes became due in January, 1934, and this action was commenced in September, 1941. Anticipating a plea of limitations, appellant set forth in its complaint that appellee on December 20, 1938, by letter in writing signed by him, acknowledged the justness of his indebtedness to appellant under said notes and impliedly promised to pay same.

Appellee filed an answer in which he invoked the statute of limitations as set forth in Secs. 29–204, 29–205, and 29–206, Arizona Code Annotated 1939. To this plea of the statute of limitations appellant filed a reply alleging that between the maturity date of the notes and date of filing the action appellee ''was absent from the State of Arizona from time to time, and that such absences aggregated fifty percent or more of such period,'' and that under the provisions of Sec. 29–301, Arizona Code Annotated 1939, the time of defendant's absences from the state cannot be accounted or taken as a part of the time limited by the provisions of Secs. 29–204, 29–205, and 29–206. The motion by appellee to strike the allegations of appellant's reply relative to appellee's absences from the state was granted. The court then granted motion by appellee for judgment on the pleadings and judgment followed.

On the former appeal, two legal propositions were submitted to this court, to-wit:

1. Whether the lower court erred in denying appellant's motion for summary judgment, thus holding that the letter of December 20, 1938, did not constitute an acknowledgment by the appellee of the indebtedness under the notes sued upon from which an implied promise to pay could be deduced.

2. Whether the lower court erred in granting appellee's motion to strike a portion of paragraph III of appellant's reply to appellee's amended and supplemental answer.

■ The first proposition was by this court determined adversely to the contention of the appellant. A motion for rehearing in this court was filed and denied. The appellant in its brief on this appeal seeks to have this court again consider this question and change its opinion thereon. When the motion for a rehearing had been denied, the ruling of this court with respect to whether the letter constituted an acknowledgment of indebtedness from which an implied promise to pay could be deduced became the final law of *this* case.

In the early case of *Snyder* v. *Pima County,* 1898, 6 Ariz. 41, 53 Pac. 6, there appears the following pertinent language:

" . . . Even though we should not be convinced that this court has made a mistake in its former judgment, directing the district court to overrule the demurrer and proceed to trial, yet that judgment is the law in this. case. Its construction is more than *stare decisis.* It becomes *res adjudicata.* While this court may reserve to itself the right to reverse that decision as it may be applied to another case, yet it is well settled that a judgment of an appellate court in a case becomes the law of that particular case, and is not subject to review thereafter on second appeal. (Citing cases.) . . . "

This rule has been repeatedly adhered to in this state. See *Hudspeth* v. *Blue Bar Taxicab, etc., Co.,* 28 Ariz. 440, 237 Pac. 382; *Betts* v. *Lightning Delivery Co.,* 42 Ariz. 105, 22 Pac. (2d) 827; and *Miller Cattle Co.* v. *Francis et al.,* 38 Ariz. 197, 298 Pac. 631.

This court in its former opinion failed to pass upon the second issue, setting forth the following reason for its action [60 Ariz. 537, 142 Pac. (2d) 413]:

"Since there was no record in this case, such as a transcript of evidence, we are unable to, at this time, decide the issue of the various absences of the appellee from the state."

In denying the motion for a rehearing, the court used the following language on page 413 of 142 Pac. (2d):

"On October 18, 1943, we remanded this cause for a new trial on the issue as to whether the statute of limitations had been tolled by the absences of appellee from the state. In our opinion rendered at that time we held the statute had run unless it was tolled by such absences and that from the record we could not determine that fact."

In its motion for a rehearing on the first appeal, after the court had remanded the case for a *new* trial, appellant set up the following matter:

"This ruling of the Court creates an anomalous situation. If we are now relegated to the lower court for a 'new trial' to the end that evidence of appellee's absences may be adduced, we find ourselves in exactly the same position we occupied prior to the appeal—we can not introduce such evidence because the allegations which would support the same have been stricken. If this Court intended to reverse and set aside the order of the lower court striking our reply so that we may proceed to trial thereon, we submit that the opinion and mandate should specifically so state. If this was not the Court's intention, then we respectfully submit that the Court has no alternative other than to now consider and determine whether or not the allegations of our reply avoid appellee's plea of limitations as a matter of law. Unless the Court will do so, the case is at a stalemate."

After the mandate reached the lower court, appellee filed a motion for judgment on the pleadings. Appellant then moved that the court vacate the order striking the allegations of appellant's reply with respect to appellee's absences from the state. In its supporting memorandum, appellant contended that

the lower court's judgment had been reversed to the end that evidence of appellee's absences from the state could be adduced at a trial of the case, and that for such purpose it was necessary for the lower court to reinstate the reply as a basis for the introduction of such evidence. Upon the hearing of such motions, the lower court first denied appellant's motion to vacate the order striking the allegations of appellant's reply, and then ruled:

"In view of the fact that I have denied the motion to vacate that ruling, upon the ground that I do not believe that these various absences can be tacked so as to toll the statute of limitations, there is nothing else for me to do except to grant the defendant's motion for judgment on the pleadings, and it is so ordered."

Judgment was then entered for the appellee. Hence this appeal is back in the lap of this court. Shakespeare envisioned this situation in the following lines:

"The time has been,
That when the brains were out the man would die,
And there an end; but now they rise again,
With twenty mortal murders on their crowns,
And push us from our stools."
Macbeth, Act III, Sc. 4

Appellant has made two assignments of error, the first of which reads as follows:

"The court erred in denying appellant's motion to vacate and set aside its order striking the portions of appellant's reply relative to appellee's absences from the State of Arizona for the reasons:

"(a) Under the provisions of Section 29-301, Arizona Code Annotated 1939, appellee's alleged absences from the state tolled the statute of limitations and appellant had the right to plead such facts in its reply in avoidance of the plea of limitations set forth in appellee's amended answer.

"(b) The order of the Supreme Court reversing the judgment and remanding the case for trial required the court to reinstate appellant's reply and

to permit appellant to adduce evidence of appellee's alleged absences from the state upon a trial of the case.''

The second assigns as error the rule of the trial court in determining that the letter was not an acknowledgment of the justness of appellee's indebtedness on the promissory notes, and was not an implied promise to pay the same. The former judgment disposes of this assignment. This reassignment on this point has no basis upon which to stand.

█ From the disposition of this case on the former appeal and on the motion for a rehearing, it was undoubtedly the intention of this court that plaintiff below should be permitted to adduce evidence of appellee's alleged absences from the state. We now conclude that this court should have specifically declared the law as to whether or not appellee's alleged absences from the state tolled the statute of limitations. The point was squarely put in issue in the first instance by the order of the trial court in striking appellant's reply to the affirmative defense of the statute of limitations.

It is the position of appellee (1) that the statute referring to absences from the state (§ 29–301) applies only where the cause of action accrues within the state; (2) that successive absences from the state may not be aggregated or tacked together; and (3) that if the defendant could have beeen personally served with summons in the State of Arizona during the time limited by the Arizona statute of limitations, the statute is inapplicable, notwithstanding that he might have been absent at the time of such service, as where made by leaving copy of complaint and summons at residence of defendant with member of family over age of sixteen years, Section 3755, R. C. A. 1928. Our disposition of appellee's second proposition disposes of this contention, and no further attention will be given to it. Incidentally, the same

proposition was presented to this court in *Connor* v. *Timothy*, 43 Ariz. 517, 33 Pac. (2d) 293. The identical citations, to-wit, *St. Louis & S. F. R. Co.* v. *Taliaferro*, 67 Okl. 37, 168 Pac. 788, L. R. A. 1918B, 994, and *Huss* v. *Central Railroad & Banking Co.*, 66 Ala. 472, where there presented and considered. At this time we see no impelling reason why we should not adhere to our former decision.

Appellee's first proposition is that the statute (§ 29–301), referring to absences from the state, applies only where the cause of action accrues within the state. He then points out that all three of the notes sued upon were made payable in St. Louis, Mo. There is much confusion in the reported cases as to where the cause of action arises or accrues within the meaning of comparable limitations statutes. In the pursuit of uniformity we have heretofore committed ourselves to follow the law applicable as set forth in the Restatement of the Law as adopted and promulgated by the American Law Institute, in the event that we are not bound by the previous decisions of this court or by legislative enactment. *Smith* v. *Normart*, 51 Ariz. 134, 75 Pac. (2d) 38, 114 A. L. R. 1456. The applicable section in the Restatement of the Law (Conflict of Laws), sec. 370, reads as follows:

"The law of the place of performance determines whether a breach has occurred."

These notes were made payable at St. Louis, and, not having been paid there, it is clear that the causes of action arose or accrued in the State of Missouri.

Proceeding from this premise, the appellee sets forth his position in the following language:

"A mere reading of the statute (§ 29–301, Arizona Code Annotated 1939) clearly shows that the intention of the legislature was to legislate only as to causes of action arising *within the State*, because it provides that where a person is without the limits of *'this State'* and a cause of action accrues (necessarily

in this State), such action may be brought after he returns '*to the State,*' etc.''

In support of this contention he directs our attention to the law in Minnesota and Oklahoma as set forth in *Powers Mercantile Co.* v. *Blethen,* 91 Minn. 339, 97 N. W. 1056, and *Doughty* v. *Funk,* 15 Okl. 643, 84 Pac. 484, 4 L. R. A., N. S., 1029. The reasoning in these cases is against the weight of authority and we decline to follow it.

Our statutes on limitation prescribe that there shall be commenced and prosecuted, within certain periods after the cause of action shall have accrued, and not afterwards, certain designated actions. This statute of limitation carries with it a proviso, which is contained in Sec. 29-301. To earn the repose of the statute, the person claiming it must remain within the state for the full period of time prescribed by law. *Robin* v. *Ely & Walker Dry Goods Co.* (Tex. Civ. App.), 137 S. W. (2d) 164. The place where the cause of action may be said to have arisen or accrued is not the question of paramount consideration in the application of Secs. 29-301 and 29-307. Under Section 29-301 the cause of action might accrue or arise in Arizona at a time when the person against whom it exists is a non-resident. The section is applicable to residents and non-residents alike. *Lake* v. *Steinbach,* 5 Wash. 659, 32 Pac. 767; *Weber* v. *Yancy,* 7 Wash. 84, 34 Pac. 473.

Sec. 29-307 has no application to this appellee. He did not remove to this state from another state or foreign country. So far as the pleadings indicate, there is a good cause of action against appellee in Missouri where the causes of action arose. Appellee is in no position to assert that the claims are barred by a foreign statute. When the appellee was sued, he pleaded as a defense available to him the Arizona statute of limitations. The applicable rule is

set forth in the Restatement of the Law (Conflict of Laws), sec. 604, as follows:

"If action is not barred by the statute of limitations of the forum, an action can be maintained, though action is barred in the state where the cause of action arose.
"Comment:"

. . . . . . . . . .

"b. Statutes frequently provide that an action may not be maintained if it has been barred by the statute of limitations at the place where the action accrued or, in some cases, at the domicil of the defendant."

This rule, of course, is limited by our Sec. 29–307 providing that a claim barred by foreign statute is barred here. It is the law of the forum that is all prevailing. A party against whom a claim is asserted can alone rely upon the local prescription, and the effectiveness of that will depend upon the length of this residence in the forum. *Kempe* v. *Bader*, 86 Tenn. 189, 6 S. W. 126. See also *J. M. Arthur & Co.* v. *Burke*, 83 Wash. 690, 145 Pac. 974. If it were not for the statute, no claims would ever be stale. The primary purpose of the statute at the forum is to prohibit actions beyond the prescribed period.

■ The identical point made by appellee to the effect that our Sec. 29–301 applies only to causes of action arising within the state was long ago made and held to be without merit. In the early case of *Ruggles* v. *Keeler* (N. Y), 3 Johns 263, 3 Am. Dec. 482, Chief Justice Kent used this language:

"Whether the defendant be a resident of this state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso. If the cause of action arose out of the state, it is sufficient to save the statute from running in favour of the party to be charged, until he comes within our jurisdiction. . . . "

In the early case of *Hartley* v. *Crawford,* 12 Neb. 471, 11 N. W. 729, 730, the court said that:

" . . . [to hold that the act] applies only to causes of action accruing in this state, 'or in behalf of one of our citizens,' would be exceedingly forced, and entirely unsupported, as we think, by reason or authority. The language of the statute is general, and applies to all personal causes of action to which a bar is provided in the preceding sections. If the legislature had intended that section 20 should only apply to causes of action arising in this state, or in favor of our own citizens, it is not at all likely that language of so general import would have been employed."

To construe the act as limited to claims arising in this state would be a strained and narrow construction. It would require us to add to the broad scope of the act applying to any "person against whom there shall be a cause of action" the limiting words "arising in this state." If the action was not barred by the law of the place of the breach or residence of the defendant, we see no reason in justice or policy why we should construe this act to extend the tolling provisions of the statute only to causes of action arising within this state, the legislature having declared no such purpose.

We shall now examine appellee's contention that successive absences cannot be aggregated because of the provisions of Sec. 29–310, Arizona Code Annotated 1939. This section reads as follows:

"The period of limitation shall not be extended by the connection of one disability with another; and when the law of limitation shall begin to run, it shall continue to run notwithstanding any supervening disability of the party entitled to sue or liable to be sued."

We are of the opinion that there is no merit in this contention for the reason that absence from the state of a person against whom there shall be a cause of

action cannot be construed as a "disability" within the meaning of that term as used in Sec. 29–310. "Disability" is generally defined as "the want of legal capacity" to do a thing, 1 Bouv. Law Dict., Rawle's Third Revision, p. 876; "the want of legal capacity to perform an act." Bl. Law Dict. Citing *Berkin* v. *Marsh*, 18 Mont. 152, 44 Pac. 528, 56 Am. St. Rep. 565, and other cases. The following definition of the term appearing in *Meeks* v. *Vassault*, 16 Fed. Cas. page 1314, No. 9,393, has been often quoted in the reported cases:

" . . . The disability may relate to the power to contract, or to bring suits; and may arise out of the want of sufficient understanding, as idiocy, lunacy, infancy; or, want of freedom of will, as in the case of married women, and persons under duress; or out of the policy of the law, as alienage where the alien is an enemy, outlawry, attainder, praemunire, and the like. The disability is something pertaining to the person of the party—a personal incapacity— and not to the cause of action or his relation to it. There must be a present right of action in the person but some want of capacity to sue. . . . "

It is true that absence of the plaintiff beyond the seas has been spoken of as a disability; however, it is obviously improper so to do, and all the more improper to speak of the defendant's absence as a disability, as demonstrated in the following definition:

"As a rule, 'disability' means a general disability, especially a disability to sue. (Co. Litt. 128a) Disabilities of this kind are of importance with reference to the statutes of limitation and relating to adverse possession, (q. v.) which allow persons under certain disabilities an extended time within which to enforce their rights. Stats. 3 and 4 Wm. IV, c. 27, sec. 16, includes 'absence beyond seas' (q. v.) in the list of disabilities, although it is, strictly speaking, only a disadvantage of 'impediment,' as Stats. 21 Jac. I, c. 16, sec. 4, rightly calls it." Rap. & L. Law Dict.

Our limitations statutes do not recognize absence of defendant from the state as a disability. Sec. 29–306, Arizona Code Annotated 1939, reads as follows:

"If a person entitled to bring an action other than those mentioned in article 1 (§§ 29–101—29–109) of this chapter, be at the time the cause of action accrues, either, under the age of twenty-one (21) years, or of unsound mind, or imprisoned, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action, and such person shall have the same time after the removal of his disability that is allowed to others."

There can be no room for doubt that the disabilities mentioned in Sec. 29–310 are confined to the minority, insanity, or imprisonment of the "person entitled to bring an action," as specified in Sec. 29–306.

The conclusion that absence is not to be considered a "disability" is supported by the fact that a contrary view would render Sec. 29–301, Arizona Code Annotated 1929, as interpreted and applied by this court, inconsistent with Sec. 29–310. In the case of *Connor* v. *Timothy,* 43 Ariz. 517, 33 Pac. (2d) 293, this court held that a temporary absence of defendant from the state after the cause of action accrued—and after limitations had commenced to run—interrupted and suspended the running of the statute. For this court now to hold that absence of a defendant constitutes a "disability" within the meaning of Sec. 29–310, Arizona Code Annotated 1939— which specifically precludes any interruption in the running of the statute of limitations by supervening disabilities—would create a direct conflict between the two statutes mentioned. Where part of a statute is susceptible of two constructions, that construction should be adopted which is consistent with other language of the statute. Effect is to be given if possible to every paragraph and section of a legislative act, and if they are in conflict, they must be harmonized

if possible. *Street* v. *Commercial Credit Co.*, 35 Ariz. 479, 281 Pac. 46, 67 A. L. R. 1549; *Arizona Eastern R. R. Co.* v. *Matthews,* 20 Ariz. 282, 180 Pac. 159, 7 A. L. R. 1149. In the light of the rules just mentioned, Secs. 29–301 and 29–310 will be harmonized and any inconsistency between the two eliminated by treating the absence from the state of a person against whom there shall be a cause of action as not a disability of the party entitled to sue or to be sued, within the meaning of Sec. 29–310.

All of the courts which follow the rule announced in Connor v. Timothy, i. e., that temporary absence existing at the time or after the cause of action accrues tolls the statute, hold that successive absences may be aggregated. With ample authority cited in support thereof, it is stated in 37 Corpus Juris, at page 1010, sec. 406:

" . . . And so the general rule is that, where a departure from the state after the accrual of the cause of action is within the exception of the statutes, which in effect provide that such absence shall not be computed, every absence which is sufficient to suspend the running of limitations will be counted and successive absences will be aggregated. . . . "

In the case of *Keith-O'Brien Co.* v. *Snyder,* 51 Utah 227, 169 Pac. 954, 956, the Supreme Court of Utah states:

" . . . Indeed, the authorities that hold that absence from the state tolls the statute, all agree that the statute runs only during the time the debtor is openly in the state and immediately on his leaving it the statute again ceases to run until his return, and that in computing time all the periods of absence must be considered and added together."

Our limitations statutes were adopted from Texas. When Sec. 29–301, Arizona Code Annotated 1939, was first carried into our Revised Statutes of 1887, the language used was substantially identical with the

Texas statute, which is quoted and interpreted in the case of *Fisher* v. *Phelps, Dodge & Co.*, 21 Tex. 551. In that case the Supreme Court of Texas held that notwithstanding the general rule that when the statute of limitations has once commenced, it will continue to run, two temporary absences of the defendant from the state should be deducted in computing the period of limitations. With reference to such rule, the court states:

" . . . Suppose the debtor to be in the State at the accrual of the action, the Statute commences, and will continue as long as he remains, but will cease running when he leaves. The rule of construction then is to be disregarded, for the reason that it is repugnant to the Statute. But if it be disregarded when the debtor leaves for the first time, the Statute having before been in motion, why should it be regarded or enforced when he leaves for a second time, so as to make the Statute continue running after his departure? It may be said that the creditor could have sued after the return of the debtor, provided that were open and notorious. But this he might have done before his departure, provided the debtor were here at and for some time after the accrual. No good reason, it would seem, can be given why the rule, if allowed at all, should not apply in both cases, and give the Statute currency, as well during the first as during the second absence. In both cases the Statute is in motion, up to the departure of the debtor. But such construction would render wholly inoperative the clause protecting the creditor against an absence commencing after the accrual of the cause of action. . . . "

For additional cases to the same effect, see *Phillips* v. *Holman*, 26 Tex. 276; *Bemis* v. *Ward*, 37 Tex. Civ. App. 481, 84 S. W. 291; and *Koethe* v. *Huggins* (Tex. Civ. App.), 271 S. W. 143. These Texas cases were all decided at a time when there was in effect a statute in Texas identical with our Sec. 29–310, precluding the extension of the period of limitations by

connecting disabilities, etc. We have not discovered a single Texas case wherein the contention was made that absence from the state is a disability within the meaning of this section.

 This court has repeatedly held that where a statute is adopted substantially verbatim from another state we will either adopt the construction given it where it originated or look to such construction as of persuasive force if it is sound or reasonable. *Brown* v. *Arizona,* 17 Ariz. 314, 152 Pac. 578, and cases collected under 7 Ariz. Dig. Statutes, 226. In the Connor v. Timothy case, *supra,* there was only one absence involved; nevertheless the court indicated its approval of the general rule that successive absences may be aggregated when it stated " . . . the better rule is that under such a statute (sec. 29–301) temporary absences shall be considered as tolling the statutes." [43 Ariz. 517, 33 Pac. (2d) 294.] We here and now unequivocally hold that successive absences may be aggregated and toll the statute to the extent of their total. The trial court erred in striking the allegations of appellant's reply setting up the alleged absences. *Cameron Automobile Co.* v. *Berry* (Tex. Civ. App.), 198 S. W. 411.

The judgment is reversed with instructions to grant appellant's motion to vacate the order theretofore made striking the allegations of appellant's reply with respect to appellee's absences from the state, and that further proceedings be had in accordance with the principles herein laid down.

STANFORD, C. J., and MORGAN, J., concur.