Donald Emery MAJOR,
Plaintiff-Appellant,

v.

ARIZONA STATE PRISON, John Moran,
H. J. Cardwell, Capt. Houlihan et al.,
Defendants-Appellees.

No. 79–3287.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 1980.

Decided April 16, 1981.

Donald Emery Major, pro per.

Thomas A. Jacobs, Phoenix, Ariz., on briefs for defendants-appellees.

Before ANDERSON and ALARCON, Circuit Judges, and WILLIAMS,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Donald Emery Major, a state prisoner confined to the Arizona State Penitentiary, initiated this civil rights action against various prison officials pursuant to 42 U.S.C. § 1983. His pro se complaint, filed some twenty-two months after the acts complained of, alleged that the defendants, in response to his participation in an inmate work strike, denied him due process and subjected him to cruel and unusual punishment.[1] The district court authorized Major to proceed in forma pauperis. 28 U.S.C. § 1915(a). Finding that the action was barred by Arizona's one-year statute of limitations, the case was summarily dismissed as being frivolous. 28 U.S.C. § 1915(d). We granted Major's motion to appeal in forma pauperis to review the application of the statutory bar.

■ Since § 1983 does not itself contain a limitations period, the federal courts look to the state statute of limitations that applies to the most similar state cause of action. *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 483–484, 100 S.Ct. 1790, 1795–1796, 64 L.Ed.2d 440, 447–448 (1980); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); *Clark v. Musick*, 623 F.2d 89, 90 (9th Cir. 1980); *Jackson v. Hayakawa*, 605 F.2d 1121, 1127 (9th Cir. 1979), *cert. denied*, 445 U.S. 952, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980). *Briley v. State of California*, 564 F.2d 849, 854 (9th Cir. 1977); *Smith v. Cremins*, 308 F.2d 187, 189 (9th Cir. 1962). The Act specifically provides for this borrowing procedure,[2] and the Supreme Court has mandated its use. The applicable state rule of law may be disregarded "only if the state law is 'inconsistent with the Constitution and laws of the United States.'" *Board of Regents, supra*, 446 U.S. at 483–84, 100 S.Ct. at 1794–95, 64 L.Ed.2d at 447–48.

■ In this circuit, we have consistently characterized § 1983 claims as actions created by statute, and, wherever possible, the statute of limitations for actions founded on a liability created by statute has been borrowed. *May v. Enomoto*, 633 F.2d 164, 166 (9th Cir. 1980); *Clark, supra*, 623 F.2d at 92; *Mason v. Schaub*, 564 F.2d 308, 309 (9th Cir. 1977); *Strung v. Anderson*, 452 F.2d 632, 632–33 (9th Cir. 1971). The Arizona legislature has prescribed a one-year statute of limitations for actions "upon a liability created by statute, other than a penalty or forfeiture." Ariz.Rev.Stat. § 12–541(3). This is the applicable statutory period unless it is inconsistent with the Constitution and laws of the United States.

---

\* The Honorable David W. Williams, United States District Judge, Central District of California, sitting by designation.

1. Because we affirm the district court's dismissal of this action, the merits of the claim are not addressed.

2. 42 U.S.C. § 1988 provides:

"The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

While Arizona's one-year statutory period is shorter than those adopted by other states in this circuit, we cannot say that it is inconsistent with the remedial policies behind the Civil Rights Act, the Constitution, or other federal laws. The Supreme Court upheld the application of Tennessee's one-year limitations period to bar a § 1981 action in *Johnson, supra,* 421 U.S. at 462–465, 100 S.Ct. at 1721–1722, 44 L.Ed.2d at 302–305. Moreover, this court recently applied the same Arizona statute to bar a § 1981 claim. *Tyler v. Reynolds Metals Co.,* 600 F.2d 232, 234 (9th Cir. 1979). There is simply no reason to treat a § 1983 claim differently than one based on § 1981 and, therefore, we hold that Arizona's one-year statute of limitations, Ariz.Rev.Stat. § 12–541(3), is applicable in this case. This being so, the action is time barred unless the limitations period was tolled.

Arizona has enacted a tolling statute, Ariz.Rev.Stat. § 12–502, which operates to suspend the running of the statute of limitations in favor of persons under specifically enumerated disabilities.[3] Imprisonment at the time the cause of action accrued is one such disability. We must determine whether Arizona's tolling provision is applicable to § 1983 actions brought by state prisoners.

In the past there has been some confusion as to whether state or federal law determines the issue whether a borrowed state statute of limitations is to be tolled. *Jackson, supra,* 605 F.2d at 1127. The Supreme Court resolved that confusion in favor of the application of state tolling law where not inconsistent with the Constitution or other federal law. *Board of Regents, supra,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440; *Conerly v. Westinghouse Electric Corp.,* 623 F.2d 117, 119 (9th Cir. 1980).

It is true that this court has applied a similar tolling provision under California law to preserve the § 1983 actions of California state inmates. *May, supra,* 633 F.2d 164, at 166–67; *Bergschneider v. Denver,* 446 F.2d 569 (9th Cir. 1971); *Ney v. State of California,* 439 F.2d 1285 (9th Cir. 1971). However, to the extent that these cases rested on the application of California law, they cannot control the determination whether Arizona's tolling statute would be similarly applied. Each state's statutes must be considered separately. In this case, the Arizona law must be applied.

A state legislative enactment is not to be literally or mechanically applied by federal courts. Rather, a federal court charged with the application of a state law must enlist the aid and guidance provided by that state's courts whose responsibility it is, in the first instance, to interpret and construe the statute. *See, May v. Enomoto, supra,* 633 F.2d at 167; *Clark, supra,* 623 F.2d at 91; *Williams v. Walsh,* 558 F.2d 667, 674 (2d Cir. 1977).[4] This was the obligation placed on the district court below. On appeal, we recognize that interpretations by the district judge of state law from the state in which he sits are entitled to deference. The district court's determination will be accepted on review unless shown to be "clearly wrong." *Clark, supra,* 623 F.2d at 91; *Pankow Construction Co. v. Advance Mortgage Corp.,* 618 F.2d 611 (9th Cir. 1980).

The appellees have argued that a state prisoner asserting a civil rights claim is not under a "disability" as contemplated by Arizona's tolling statute. They contend that the tolling provision was intended to apply only where the prisoner lacked capacity to prosecute the suit. Since Arizona's "civil

---

**3.** Ariz.Rev.Stat. § 12–502 provides:

"If a person entitled to bring an action other than those set forth in article 2 of this chapter is at the time the cause of action accrues either under eighteen years of age, or of unsound mind or imprisoned, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others."

**4.** This process does not threaten the effectiveness of the federally-created cause of action under 42 U.S.C. § 1983 because, as noted above, state law is applied only where it is consistent with the Constitution and other federal law.

death" statute [5] was never interpreted so as to prevent a state prisoner from bringing suit in state or federal court [6] to redress the violation of rights secured by the fourteenth amendment, the tolling provision should not be applied.

This argument was rejected in *Ortiz v. LaVallee*, 442 F.2d 912, 914 (2d Cir. 1971). In that case, however, the court examined the legislative history behind New York's tolling provision and discovered that the provision "was motivated at least in part by a recognition of the practical, as well as the legal, difficulties prisoners face in instituting and prosecuting suits." *Id.* at 914. Therefore, the court concluded that New York's tolling provision was intended to apply even where a prisoner has the legal capacity to sue. *Id.*

Our review of Arizona law, on the other hand, convinces us that questions of when a cause of action accrues and when a limitations period is tolled are dependent upon a determination of the plaintiff's legal capacity to sue. *E. g., Griesmer v. Griesmer*, 116 Ariz. 512, 570 P.2d 199 (Ariz.App.1977); *Vana v. Elkins*, 20 Ariz.App. 557, 514 P.2d 510 (1973).

In *Western Coal & Mining Co. v. Hilvert*, 63 Ariz. 171, 160 P.2d 331 (1945), the Arizona Supreme Court was called upon to decide whether a defendant's absence from the state could be considered a "disability" for purpose of the Arizona statute which precluded the tacking of successive disabilities.

In holding that it was not, the court defined the term "disability" to mean the want of legal capacity to perform an act or the capacity to sue. *Id.* 160 P.2d at 336.

An analogous question to the one involved in this case was presented to the Arizona Supreme Court in *Selby v. Karman*, 110 Ariz. 522, 521 P.2d 609 (1974). The court was faced with the question whether to apply Ariz.Rev.Stat. § 12–501, which provides that a defendant's absence from the state shall not be counted as part of the statutory time limit, in light of the adoption of statutes and rules that provided easier service of process on out-of-state defendants. The court held that, ". . . the terms 'without the state' and 'absence' as used in A.R.S. § 12–501 mean out of the state in the sense that service of process in any method authorized by rule or statute cannot be made upon the defendant to secure personal jurisdiction by the trial court." *Id.*, 521 P.2d at 611. The court went on to say that, "A literal interpretation of the provisions of the tolling statute may, not only defeat its purpose, but also defeat the purpose of the statute of limitation—that actions be commenced within that period of time determined by the legislature to be reasonable." *Id.* This holding is entirely consistent with the interpretation of Arizona's tolling statutes as intended and designed to protect only those persons suffering under a genuine disability or incapacity.

Finally, we recognize that the Fifth Circuit has recently applied a nearly identical

---

**5.** Ariz.Rev.Stat. § 13–1653 provided in pertinent part:

"A. A sentence of imprisonment in the state prison for any term less than life suspends the civil rights of the person so sentenced, and forfeits all public offices and private trusts, authority or power during such imprisonment.

"B. A person sentenced to imprisonment in the state prison for life is thereafter deemed civilly dead."

This provision was in effect at the time Major's cause of action accrued. More than a year later, the statute was modified and now appears as Ariz.Rev.Stat. § 13–904. Arizona's courts have not interpreted the provision as preventing a state prisoner from prosecuting actions based on the fourteenth amendment. *See, Howard v. State*, 28 Ariz. 433, 237 P. 203

(1925). In *Holman v. State of Arizona*, 5 Ariz. App. 311, 426 P.2d 411 (1967), the court noted that, "A convicted felon . . . although his civil rights are suspended (A.R.S. § 13–1653, subsec. A) is nevertheless a 'person' entitled to the protection of the Fourteenth Amendment...." *Id.*, 426 P.2d at 413. Similarly, the Arizona Attorney General issued an opinion stating that the statute would not suspend an inmate's capacity to sue if due process or equal protection allegations were made. Op.Atty.Gen. No. 72–17, pp. 40–42 (1972).

**6.** In *Leeds v. Watson*, 630 F.2d 674, 676–77 (9th Cir. 1980), this court reiterated the line of cases holding that meaningful access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed.

Texas tolling provision to a prisoner's § 1983 action. *Miller v. Smith*, 625 F.2d 43 (5th Cir. 1980). The court had earlier decided that the state tolling statute was inapplicable, holding that, "Even though Texas would honor the toll for prisoners in its own courts, there is no valid reason for honoring it in a federal court which at all pertinent times had been open to the prisoner." *Miller v. Smith*, 615 F.2d 1037, 1042 (5th Cir. 1980). Upon reconsideration of the case in light of the Supreme Court's decision in *Board of Regents, supra*, the court reversed. *Miller, supra*, 625 F.2d at 44. We think the outcome of that case is consistent with the result we reach today. *Board of Regents* mandates the application of state tolling statutes as designed by the state legislature and construed by the state courts unless such application would be inconsistent with the Constitution or other federal law.

■ Based on the discussion above, we cannot conclude that the district court's interpretation of Arizona law was clearly wrong. Major's complaint was not filed within the applicable one-year statutory period. His confinement in the Arizona State Penitentiary did not strip him of his legal capacity to sue under 42 U.S.C. § 1983 and, therefore, his imprisonment cannot be considered a "disability" within the meaning of Arizona's tolling provision, Ariz.Rev.Stat. § 12–502.

The result we have reached here today may seem harsh in that Mr. Major is precluded from seeking vindication for the alleged violations of his constitutional rights. We are not unsympathetic, but we are bound to apply the law. In *Board of Regents*, the Supreme Court observed that:

"In § 1983 actions, however, a state statute of limitations and the coordinate tolling rules are more than a technical obstacle to be circumvented if possible. In most cases, they are binding rules of law. In § 1988, Congress 'quite clearly instructs federal courts to refer to state statutes' when federal law provides no rule of decision for actions brought under § 1983 ... § 1988 authorizes federal courts to disregard an otherwise applicable state rule of law only if the state law

is 'inconsistent with the Constitution and laws of the United States.' " (citations omitted)

*Board of Regents, supra*, 446 U.S. at 483–484, 100 S.Ct. at 1795–1796, 64 L.Ed.2d at 447–48. The Court pointed out that neither of the principal policies embodied in § 1983, deterrence and compensation, are significantly affected by a rule of limitation since plaintiffs can still readily enforce their claims, thereby recovering compensation and fostering deterrence, simply by commencing their actions within the statutory time limit. *Id.* 446 U.S. at 488, 100 S.Ct. at 1797, 64 L.Ed. at 450. The district court's order dismissing the action is

AFFIRMED.

ALARCON, Circuit Judge, dissenting:

I would vacate the order of dismissal and remand this matter to the district court for a hearing on the merits of appellant's complaint.

As pointed out by the majority, the district court dismissed appellant's claim filed pursuant to 42 U.S.C. § 1983 as frivolous in that it was barred by Arizona's one-year statute of limitations. Appellant, an Arizona state prisoner, filed his complaint more than one year after he was allegedly denied due process and subjected to cruel and unusual punishment by prison officials.

I agree with the majority that appellant's claim is controlled by the requirement of Arizona law that actions "upon a liability created by statute" (Ariz.Rev.Stat. § 12–541(3)) must be filed within one year unless such time limitation is tolled under an applicable statute.

The Arizona Legislature has specifically provided for the tolling of the statute of limitations, "If a person entitled to bring an action ... is at the time of the cause of action ... imprisoned...." As noted by my colleagues, in *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the United States Supreme Court compels us to apply a state tolling law when it is not inconsistent with the Constitution or other federal law. I would follow the mandate of the United

States Supreme Court in *Board of Regents* and apply the benefits of the Arizona tolling statute to appellant. By so doing, we would not be boldly charting new paths in unexplored legal territory. Recently, this court, in *May v. Enomoto,* 633 F.2d 164, 165 (9th Cir. 1980) applied a similar provision under California law to prisoners seeking to vindicate § 1983 rights in that state. The majority has refused to apply the Arizona tolling on the theory that an Arizona prisoner may file a civil action despite his incarceration. Accepting this proposition as true, I fail to see how it excuses us from our obligation to apply the specific language of the Arizona tolling statute to appellant. Under *Board of Regents* we have no other choice.

Apparently, my colleagues have convinced themselves that the Arizona courts would refuse to apply Arizona's tolling statute to an imprisoned person, despite its express language, because such prisoners are not treated as civilly dead in Arizona's courts. No Arizona case has been cited in support of this novel supposition, nor has our attention been directed to any legal principle under Arizona law which would authorize its courts to ignore a constitutional act of that state's legislature.