139 Ariz. 22 (1983)
676 P.2d 656
Gregory Michael SMITH, Plaintiff/Appellant,
v.
Ellis MacDOUGALL, Director, State of Arizona Department of Corrections and The State of Arizona, Defendants/Appellees.
No. 2 CA-CIV 4805.
Court of Appeals of Arizona, Division 2.
November 30, 1983.
Review Denied February 15, 1984.
*23 Lacambra, Kerry & Schocket by Robert A. Kerry, Tucson, for plaintiff/appellant.
Robert K. Corbin, Atty. Gen. by Robert F. Ellig, Asst. Atty. Gen., Phoenix, for defendants/appellees.
OPINION
HATHAWAY, Judge.
This appeal was taken from the order of the superior court granting appellees' motion to dismiss the complaint. Although the court's order does not recite the reasons for granting the motion, the parties agree that the dismissal was based on the court's conclusion that the action was barred by the statute of limitations.
Appellant's original complaint was filed February 17, 1981, naming only the State Department of Corrections as a defendant. The complaint alleged that on May 10, 1980, appellant was beaten and sexually assaulted by other inmates while he was incarcerated at the Arizona Correctional Training Facility in Tucson, and sought to recover damages on the grounds of negligent supervision and failure to protect appellant. The complaint was dismissed without prejudice on June 17, 1982. A second complaint was filed October 4, 1982, naming as defendants the director of the Department of Corrections and the State of Arizona. The state filed a motion to dismiss the second complaint on the ground that the action was barred by the statute of limitations, and that appellant was under no legal disability which would prevent the statute from running. The motion was granted on January 14, 1983, and appellant filed a timely notice of appeal.
Appellant concedes that the second complaint was filed more than two years after the alleged negligence occurred, but argues that the applicable statute of limitations was tolled under A.R.S. § 12-502 because appellant was imprisoned on the date the acts occurred and for a substantial period of time thereafter. Appellees argue that, despite the clear language of § 12-502, imprisonment is a disability which tolls the statute of limitations only when it deprives *24 the individual of the legal capacity to sue. Appellee further argues that the effect of the enactment of A.R.S. § 13-904 was to restore to prisoners the right to bring a civil suit which had been previously denied to them under former A.R.S. § 13-1653, with the consequence that appellant was not under a disability within the meaning of § 12-502 at the time his cause of action accrued, and therefore the statute of limitations was not tolled.
In support of their argument that a disability must amount to a legal incapacity to sue before it can operate to toll the statute of limitations, appellees rely on Western Coal and Mining Company v. Hilvert, 63 Ariz. 171, 160 P.2d 331 (1945). This reliance is misplaced. The statutes in issue in Hilvert were essentially identical to their present counterparts, which provide:
"§ 12-501. Effect of absence from state
When a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or taken as a part of the time limited by the provisions of this chapter."
"§ 12-502. Effect of minority, insanity or imprisonment
If a person entitled to bring an action other than those set forth in article 2 of this chapter is at the time the cause of action accrues either under eighteen years of age, or of unsound mind or imprisoned, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others."
"§ 12-503. Tacking of disabilities prohibited
The period of limitation shall not be extended by the connection of one disability with another. When the law of limitation begins to run it shall continue to run notwithstanding a supervening disability of the party entitled to sue or liable to be sued."
It is to be noted that, while minority, incompetence and imprisonment are specifically designated as disabilities in § 12-502, absence from the state is not so designated in § 12-501. In Hilvert, the court was called upon to decide whether such absence was nevertheless to be deemed a disability for purposes of the prohibition against tacking of disabilities found in § 12-503. It was in this context that the court had occasion to review the case law addressing the meaning of the term "disability" and to conclude that it "is generally defined as `the want of legal capacity' to do a thing...." 63 Ariz. at 182, 160 P.2d at 336. Since absence from the state does not in and of itself result in a lack of legal capacity, the court concluded that the disabilities referred to in § 12-503 were confined to minority, insanity and imprisonment, as set forth in § 12-502. The court did not address the issue of whether minority, insanity and imprisonment must have the effect of depriving an individual of legal capacity before they can operate to toll the statute of limitations.
Apart from the Hilvert decision, we have been referred to no authority in support of appellees' contention, nor any authority which would preclude the legislature from designating imprisonment as a disability which tolls the period of limitation, notwithstanding the fact that a prisoner has the legal capacity to sue. The legislature may reasonably have concluded that imprisonment as a practical matter is a sufficient impediment to a prisoner's ability to protect his rights through the judicial system to warrant its designation as a disability under § 12-502. Cf. Ortiz v. LaVallee, 442 F.2d 912 (2nd Cir.1971).
We also find no basis for appellees' argument that in enacting § 13-904 the legislature implicitly repealed that portion of § 12-502 pertaining to tolling of the statute of limitations as a result of imprisonment. In this regard we note the general rules of statutory construction that separate *25 statutes are to be construed so as to give meaning to both, if possible, and to avoid a conclusion that a statute has been repealed by implication. State ex rel. Purcell v. Superior Court, 107 Ariz. 224, 485 P.2d 549 (1971); Rehurek v. Welcome, 26 Ariz. App. 534, 549 P.2d 1052 (1976).
The predecessor to § 13-904 provided generally that "[a] sentence of imprisonment in the state prison for any term less than life suspends the civil rights of the person so sentenced ...," and designated a person serving a life sentence as "civilly dead." A.R.S. § 13-1653(A) and (B). Section 13-904 provides instead that a felony conviction suspends only the right to vote, to hold public office, to serve as a juror, and during imprisonment, "any other civil rights the suspension of which is reasonably necessary for the security of the institution in which the person sentenced is confined or for the reasonable protection of the public." A.R.S. § 13-904(A). Neither statute expressly deals with a prisoner's right to maintain a civil suit, and we have not found or been cited Arizona cases holding that the effect of § 13-1653 was to suspend this right. To the contrary, the decisions in the following cases imply that § 13-1653 did not suspend the right to maintain a civil action. See Howard v. State, 28 Ariz. 433, 237 P. 203 (1925) (action to enforce treatment in accordance with terms of sentence); Cardwell v. Hogan, 23 Ariz. App. 475, 534 P.2d 283 (1975) (action for unlawful confiscation); Bearden v. Industrial Commission, 14 Ariz. App. 336, 483 P.2d 568 (1971) (action to recover workmen's compensation).
Since neither statute deals expressly with a prisoner's right to maintain a civil action, and in the absence of cases holding that the effect of § 13-1653 was to suspend this right, we find no basis for concluding that the legislature enacted § 13-904 with the intent of changing the law in this respect. It follows that there is no basis for concluding that the legislature intended to repeal the portions of § 12-502 at issue here.
We recognize that, in Major v. Arizona State Prison, 642 F.2d 311 (9th Cir.1981), the United States Court of Appeals for the Ninth Circuit came to the opposite conclusion in a case involving very similar facts. For the reasons stated, we disagree with that conclusion and are in any event not bound by a federal court's interpretation of our statutes. Lewis v. Midway Lumber, Inc., 114 Ariz. 426, 561 P.2d 750 (App. 1977).
We hold that under the plain language of A.R.S. § 12-502, the statute of limitations applicable to appellant's cause of action was tolled at least until February 17, 1981, the date the original complaint was filed. Inasmuch as the second complaint was filed within two years of that date, we need not address the issue of whether the statute remains tolled for the duration of a prisoner's incarceration despite the filing of a complaint and dismissal without prejudice.
The judgment of the superior court is reversed and the cause remanded for further proceedings consistent with this opinion.
HOWARD, C.J., and BIRDSALL, J., concur.