Chester MARKS, Plaintiff-Appellant,

v.

Jerry PARRA, Defendant-Appellee.

No. 83–2497.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 1985 *.

Decided April 1, 1986.

As Amended May 5, 1986.

Chester Marks, in pro. per.

No brief was filed.

Before SNEED, SCHROEDER, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.

Chester Marks is an inmate at the Arizona State Prison. He alleged that his civil rights were violated and filed a claim under 42 U.S.C. § 1983. The district court dismissed his claim because it was barred by the Arizona statute of limitations. We reverse and remand for further proceedings.

## I. FACTUAL BACKGROUND

Marks alleges that appellee, a corrections officer at the Arizona State Prison, sprayed him with mace following an altercation between them. Marks alleges that he suffered itching, coughing, facial burning and pain, and eye irritation, and that he was denied medical treatment. He was placed in administrative detention following the incident. He claims these actions violated his civil rights under 42 U.S.C. § 1983.

## II. STATUTE OF LIMITATIONS

Section 1983 does not contain a limitations period. The federal courts apply the state statute of limitations applicable to the most similar state cause of action. *Board of Regents of the University of the State of New York v. Tomanio,* 446 U.S. 478, 483–484, 100 S.Ct. 1790, 1794–1795, 64 L.Ed.2d 440 (1980). In this circuit § 1983 claims have been characterized as "actions created by statute, and, wherever possible, the statute of limitations for actions founded on a liability created by statute has been borrowed." *Major v. Arizona State Prison,* 642 F.2d 311, 312 (9th Cir.1981). *See also Mason v. Schaub,* 564 F.2d 308, 309 (9th Cir.1977). The district court applied Ariz.Rev.Stat.Ann. § 12–541(3) which provides a one-year statute of limitations for actions founded on a liability created by statute. Marks filed his complaint in 1983. The incident is alleged to have occurred in 1979. The district court dismissed Marks's complaint *sua sponte* as barred by the applicable one-year statute of limitations.

The Supreme Court recently held that § 1983 claims are best characterized as personal injury actions for statute of limitations purposes. *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 1947–1948, 85 L.Ed.2d 254 (1985). The Court stated that its holding is "supported by the nature of the § 1983 remedy, and by the federal interest in ensuring that the borrowed period of limitations not discriminate against the federal civil rights remedy." *Id.* 105 S.Ct. at 1947. We apply *Wilson* retroactively when it has the effect of lengthening, as it

App.P. 34(a); 9th Cir.R. 3(f).

does here, the limitations period. *Rivera v. Green,* 775 F.2d 1381, 1384 (9th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1656, —— L.Ed.2d —— (1986).

■ The applicable Arizona statute of limitations for personal injuries provides a two-year limitations period. Ariz.Rev.Stat. Ann. § 12–542. Under this statute, however, Marks's complaint still was not timely filed.

Arizona has a tolling statute which suspends the running of the statute of limitations in favor of persons with certain disabilities, including imprisonment. Ariz.Rev. Stat.Ann. § 12–502.[1] At the time the district court dismissed Marks's complaint imprisonment was not considered to be a disability by this circuit. *Major,* 642 F.2d at 315.

Subsequent to the district court's decision, the Arizona Court of Appeals held that confinement in prison *does* toll the statute of limitations. *Smith v. MacDougall,* 139 Ariz. 22, 676 P.2d 656, 659 (App. 1983). This decision undermined *Major* and this circuit has followed it. *Stephan v. Dowdle,* 733 F.2d 642 (9th Cir.1984). The Arizona Court of Appeals stated:

> The legislature may reasonably have concluded that imprisonment as a practical matter is a sufficient impediment to a prisoner's ability to protect his rights through the judicial system to warrant its designation as a disability under § 12–502.

*MacDougall,* 676 P.2d at 658. The court in *MacDougall* held that under the plain language of § 12–502, the statute of limitations for a prisoner's cause of action is tolled "at least until ... the date the original complaint was filed." *Id.* 676 P.2d at 659. This holding tolls the statute of limitations for appellant Marks's cause of action.

The Arizona Court of Appeals indicates that the legislature intended that imprisonment would toll the statute of limitations. *Id.* at 658. Consequently, Marks should be allowed to file his complaint.

Appellee did not file a brief in this appeal. On November 5, 1985, the court received a letter from the Arizona Attorney General's office stating it was not filing a

brief on behalf of "appellees" [sic] because they were not made a party to the action in district court and, therefore, this court lacked jurisdiction over "them" on appeal.

Title 42 U.S.C. § 1983 provides that "every person" who acts under color of state law to deprive another person of a constitutional right may be sued for damages. In his complaint, Marks named "Jerry Parra, # 329, Correction Officer at Arizona State Prison" as the defendant. Parra was allegedly acting in the course of his official duties when the alleged incident occurred and, therefore, his actions were done under color of state law. *Meredith v. State of Arizona,* 523 F.2d 481, 482 (9th Cir.1975). It appears that the district court had jurisdiction over appellee Parra. The Arizona Attorney General's office does not state any reasons for the alleged lack of jurisdiction. The district court did not discuss this matter.

Because we find that appellant's claim was not barred by the statute of limitations we reverse the district court's Order dismissing the action and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

**1.** The statute was amended by the Arizona legislature in 1984. It now provides that the disability of imprisonment tolls the statute of limitations only until such time as the inmate discovered his right to bring the action, or with reasonable diligence should have discovered his right, whichever occurs first. Ariz.Rev.Stat. Ann. § 12–502(B). The 1984 amendment is inapplicable here because Marks filed his complaint in June 1983 and the district court dismissed his complaint on June 15, 1983.