Lawrence J. KRUG, Plaintiff–Appellant,

v.

Vince IMBORDINO; Rufino Dominguez; Arthur Hanratty; Maricopa County, AZ; James Martin; Garth Smith; State of Arizona, Defendants–Appellees.

No. 88–15222.

United States Court of Appeals, Ninth Circuit.

Submitted October 6, 1989.*

Decided Feb. 15, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

Lawrence J. Krug, Florence, Ariz., plaintiff-appellant, pro se.

Barbara L. Caldwell, Deputy County Atty., Phoenix, Ariz., for defendants-appellees.

Before GOODWIN, Chief Judge, and SCHROEDER and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Lawrence Krug appeals pro se the district court's order granting summary judgment in his action under 42 U.S.C. §§ 1983 and 1985 (1982). He alleges numerous improprieties in connection with a 1979 search, arrest and confinement, and a 1980 arrest, seizure of property, bail denial, confinement, and plea agreement. Because Krug's claims are either barred by the statute of limitations or are meritless, we affirm.

I

Krug alleges that in June of 1979, Arizona deputy sheriffs Hanratty and Dominguez and others searched his apartment without a warrant and without his consent. He claims that in July of 1979, Hanratty and Dominguez arrested him for forgery without probable cause, and held him in jail for four days before he was released.

On August 16, 1979, Lawrence Krug and Anthony Lack killed a man. Krug was arrested in Dallas, Texas in July of 1980 and was charged with first degree murder and forgery. He waived extradition, and he consented to a search of his Texas apartment and car. During the search, the police seized two hundred negatives of Krug's photographs. Krug was returned in custody to Arizona.

Krug was separated from the general population in the Maricopa County jail. He alleges that he was unconstitutionally subjected to solitary confinement to force him to enter a plea agreement, but defendants claim that he was placed in protective isolation because he had agreed to testify against Lack. Krug pleaded guilty to one count of first degree murder and three counts of forgery on January 14, 1981.

He filed individual complaints against appellees under 42 U.S.C. §§ 1983 and 1985 on August 15, 1983, three to four years after the alleged constitutional violations occurred. The district court consolidated and dismissed the complaints sua sponte on the ground that they were barred by the statute of limitations. We reversed in an unpublished memorandum disposition because the trial judge prematurely dismissed before process was issued and served. *Krug v. Imbordino*, No. 742 F.2d 1462 (9th Cir.1984) (unpublished memorandum disposition). We explained that the statute of limitations was not jurisdictional, but rather an affirmative defense. *Id.* Additionally, we explicitly stated that "we make no comment on the merits of the action." *Id.*

The district judge also dismissed some of Krug's civil rights claims for lack of subject matter jurisdiction. In another unpublished memorandum disposition we again reversed and held that a "careful reading and liberal construction of Krug's complaint reveals allegations sufficient to give rise to an inference of conspiracy between the public defenders and the prosecution." *Krug v. Arizona*, 745 F.2d 66 (9th Cir.1984) (unpublished memorandum disposition) (citation omitted).

Upon remand, the trial judge granted summary judgment in favor of the defendants. Krug appeals.

II

■ Because section 1983 does not contain a limitations period, federal courts used to borrow the state statute of limitations applicable to a similar cause of action applied by the state in which the cause of action arose. *Board of Regents v. Tomanio*, 446 U.S. 478, 483–484, 100 S.Ct. 1790, 1794–1795, 64 L.Ed.2d 440 (1980). However, in *Wilson v. Garcia*, 471 U.S. 261,

276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985), the Supreme Court held that the appropriate statute of limitations period for section 1983 actions is that of the state's statute of limitations for personal injury cases.

Prior to *Wilson*, we applied Arizona's one year statute of limitations to section 1983 actions. Ariz.Rev.Stat.Ann. § 12–541(3) (1982). *See Major v. Arizona State Prison*, 642 F.2d 311, 312 (9th Cir. 1981). *Wilson* would require the application of Arizona's two year limitations period for personal injury actions. Ariz.Rev. Stat.Ann. § 12–542 (Supp.1988). Because *Wilson* lengthens the limitations period, we apply that 1985 decision retroactively to Krug's 1983 complaint. *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir.1986).

▪ Although Arizona has a tolling statute which suspends the running of the statute of limitations in favor of persons with certain disabilities, including imprisonment, Ariz.Rev.Stat.Ann. § 12–502 (1982),[1] it does not apply to several of Krug's claims because he was not imprisoned "at the time the cause[s] of action accrue[d]." *Id; see Nelson v. Nelson*, 137 Ariz. 213, 669 P.2d 990, 992 (App.1983) (disabilities that occur after a cause of action accrues do not toll the statute of limitations). The decisions which have allowed tolling under section 12–502 involve violations of constitutional rights during imprisonment. *See, e.g., Zuck v. Arizona*, 159 Ariz. 37, 764 P.2d 772 (App.1988) (alleged denial of medical care to inmate); *Marks v. Parra*, 785 F.2d 1419 (9th Cir.1986) (alleged unlawful spraying with mace by corrections officer during incarceration); *Smith v. MacDougall*, 139 Ariz. 22, 676 P.2d 656 (App.1983) (alleged negligent supervision and failure to protect from beatings and sexual assaults during incarceration). The statute of limitations is therefore not tolled with respect to the 1979 and 1980 claims which occurred prior to Krug's 1980 imprisonment, and these claims are barred by the two-year limitations period.

## III

Krug's challenges to his bail denial, solitary confinement and plea agreement are not barred by the statute of limitations because they accrued during imprisonment. However, these timely allegations are all specious.

Krug maintains that he was denied bail because defendants conspired to misrepresent the strength of the government's case. Krug's vague, conclusory allegations fail to suggest any actions taken in furtherance of a purported conspiracy. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). Even if his allegation were true, prosecutor Imbordino and deputy sheriffs Hanratty and Dominguez would be immune from suit under 42 U.S.C. § 1983 regarding testimony relating to Krug's bail determination. *Briscoe v. La Hue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

Krug also alleges that while he was imprisoned, prosecutor Imbordino, deputy sheriffs Hanratty and Dominguez, and public defender Martin entered into a conspiracy to keep him in solitary confinement until he incriminated himself. However, at Krug's plea hearing, he stated that no one had coerced him to plead guilty. Again, Krug does not allege actions taken in furtherance of a purported conspiracy. *See Ivey*, 673 F.2d at 268. He merely states that the prosecutor conspired with the deputy sheriffs who conspired with the public defender. Krug has not shown that any of the defendants were responsible for his placement in isolation, and it does not appear to be their duty to make such decisions. Because Krug has presented no evidence sufficient to raise a triable issue regarding a conspiracy, public defender Martin cannot be sued under 42 U.S.C. § 1983. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984).

---

1. The Arizona legislature amended the statute in 1984 so that the disability of imprisonment tolls the limitations period only until the inmate discovered or should have discovered his right to bring an action. Ariz.Rev.Stat.Ann. § 12–502(b) (Supp.1988). Because Krug's complaint was filed on August 15, 1983, the amendment does not apply. *See Marks v. Parra*, 785 F.2d 1419 (9th Cir.1986).

Furthermore, even if Krug's allegations were true, the prosecutor and the deputy sheriffs would be immune from suit because they did not "violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). It was not improper for Krug to be placed in pre-trial isolation for his own protection. *See Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983) (the due process clause of the United States Constitution does not establish a liberty interest in living in the general prison population); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir.1986) (Arizona statutes and regulations do not create a liberty interest in living in the general prison population). Krug did not believe he was safe in the Arizona prison system; he had requested to be placed in an out-of-state institution under an assumed name.

Krug additionally contends that he was promised a plea to a non-dangerous offense. His contention is in direct conflict with the record of the plea proceeding, the substance of the plea agreement and the Arizona statute under which he was convicted. Ariz.Rev.Stat.Ann. § 13–703 (1982). The discrepancy on the printed form of the plea agreement suggesting that Krug pled guilty to a non-dangerous offense was a clerical error,[2] which when coupled with everything else that Krug was told, does not raise a triable issue of material fact.

We have considered all of Krug's claims, including ineffective assistance of counsel, and conclude they are without merit.

AFFIRMED.

---

2. Krug's plea agreement is on a printed form with blanks. The top of the form contains the words "non dangerous." The word "non" is surrounded by a box. The word can be crossed out to denote whether the offense is dangerous or non-dangerous under the Arizona criminal code. In Krug's case the "non" was not crossed out.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).