**James F. GENTRY, Petitioner-Appellant,**

v.

**Ellis C. MacDOUGALL, Superintendent of the Arizona Department of Corrections, Respondent-Appellee.**

No. 80–5774.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 1982.

Decided Aug. 24, 1982.

Rehearing Denied Sept. 23, 1982.

Howard A. Kashman, Tucson, Ariz., for petitioner-appellant.

David R. Cole, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before WALLACE and NORRIS, Circuit Judges, and BURNS,* District Judge.

NORRIS, Circuit Judge:

In 1977, James Gentry, driving while intoxicated, struck a taxi, killing both the driver and the passenger. He was convicted on two counts of vehicular manslaughter, under former Ariz.Rev.Stat.Ann. § 13–456(3)(a) (current version at Ariz.Rev.Stat. Ann. § 13–1102 (1978)), and sentenced to consecutive prison terms. Gentry filed a petition for writ of habeas corpus, asserting that the Arizona legislature did not authorize consecutive sentences for multiple deaths caused by a single act of drunk driving, and that such sentences violate the Double Jeopardy Clause of the United States Constitution. The district court denied Gentry's petition. We affirm.

■ It is settled law that without legislative authorization a court may not constitutionally impose consecutive sentences. *See Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). In this case, however, consecutive sentences were authorized under § 13–456. In *State v. Miranda*, 3 Ariz.App. 550, 416 P.2d 444 (1966), the Arizona Court of Appeals affirmed consecutive sentences imposed under § 13–456 on three counts of manslaughter arising from one act of drunk driving. The Arizona court reasoned that, by defining manslaughter under § 13–455 as "the unlawful killing of a human being without malice," the Arizona legislature intended to authorize punishment under § 13–456 [1] for each human being killed, not simply for each unlawful act.[2] 416 P.2d at 452; *see also Arizona v. Gunter*, 132 Ariz.

64, 643 P.2d 1034 (App.1982). Absent extraordinary circumstances, which do not obtain in this case, a federal court is bound by a state court's construction of the laws of that state. *Mullaney v. Wilbur*, 421 U.S. 684, 690–91, 95 S.Ct. 1881, 1885–86, 44 L.Ed.2d 508 (1975). We thus hold that the consecutive sentences imposed in this case were authorized by the Arizona legislature.

■ Gentry next contends that the Double Jeopardy Clause prohibits the legislature from authorizing consecutive sentences for a single unintentional act. The argument is meritless. "[T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments. . . ." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *see generally* Note, *Twice in Jeopardy*, 75 Yale L.J. 262, 302–11 (1965). The legislative authority to fix punishment is not without constitutional limitations, but those limits derive from the Eighth Amendment prohibition against cruel and unusual punishment. *See Bell v. United States*, 349 U.S. 81, 82–83, 75 S.Ct. 620, 621–622, 99 L.Ed. 905 (1955); *see generally Enmund v. Florida*, —— U.S. ——, ——, 102 S.Ct. 3368, 3371, 73 L.Ed.2d 1140 (1982). Appellant makes no claim that his sentence constituted cruel and unusual punishment. Accordingly, we AFFIRM.

---

* The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

1. Section 13–456 provided in pertinent part:
   A. Manslaughter is of three kinds:
      *    *    *    *    *    *
   3. In the driving of a vehicle:

(a) In the commission of an unlawful act, not amounting to a felony, with gross negligence. . . .

2. Gentry argues, without supporting authority, that a legislature is constitutionally required to use specific statutory language in imposing multiple sentences for a single unintentional act. We know of no such requirement and reject Gentry's argument as meritless.