**Alan F. STEPHAN, Plaintiff-Appellant,**

v.

**Earl B. DOWDLE, et al.,
Defendants-Appellees.**

No. 83–1946.

United States Court of Appeals,
Ninth Circuit.

Submitted March 30, 1984.[*]

Decided May 14, 1984.

---

Alan F. Stephan, pro se.

Robert F. Ellig, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Before SCHROEDER, FERGUSON, and NELSON, Circuit Judges.

SCHROEDER, Circuit Judge:

Alan F. Stephan, an Arizona state prisoner, appeals the dismissal of his federal civil

rights action. The district court found that Stephan's claims were barred by the applicable statute of limitations, and that Stephan's confinement in prison did not toll the statute under Arizona's tolling provision, Ariz.Rev.Stat. § 12–502.

The district court relied on *Major v. Arizona State Prison*, 642 F.2d 311 (9th Cir.1981), where this court held that § 12–502 did not toll the statute of limitations for prisoners. The Arizona Court of Appeals, however, in *Smith v. MacDougall*, 676 P.2d 656 (Ariz.App.1983), reached the opposite conclusion and held that under § 12–502, confinement in prison tolls the applicable statute of limitations. The Arizona Supreme Court has declined to review that decision. Because federal courts must look to state statutes of limitations and tolling provisions for actions brought under § 1983, *see Board of Regents v. Tomanio*, 446 U.S. 478, 483–85, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980), and are bound by a state court's construction of the laws of that state, *see Gentry v. MacDougall*, 685 F.2d 322, 323 (9th Cir.1982), the holding in *Major* on the applicability of Arizona's tolling provision to prisoners is no longer binding on this court and must be overruled.

Reversed.