**Gilbert Marc MAISON, Petitioner**

v.

**George SUMNER, the Attorney General of the State of Nevada, Respondents.**

No. CV–R–85–634–ECR.

United States District Court, D. Nevada.

April 3, 1986.

———

Gilbert Marc Maison, in pro per.

Office of the Attorney General, Carson City, Nev., for respondents.

MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Petitioner's petition for a writ of habeas corpus indicates that he was convicted of causing injury or death to another person while driving under the influence of alcohol. He was sentenced to six years in prison. From the time of his conviction, which was August 10, 1983, until March 3, 1986, he was confined in a medium security institution. On the latter date he was transferred to a minimum security camp. It is Petitioner's contention that the Nevada statute under which he was sentenced (NRS § 484.3795) mandated that he be assigned from the start to a minimum security institution. Whereas he received ten days per month work-time credit against his sentence while he was incarcerated in the medium security institution, he contends he would have received twenty days per month credit if he had been confined to a minimum security facility. In addition, Petitioner might have received additional fire-time credit if he had been assigned to forestry work while in minimum custody. As a consequence, Petitioner argues that his term of incarceration has been lengthened. He insists that this constitutes a deprivation of a protected liberty interest without due process.

At the time of Petitioner's conviction, NRS § 484.3795 included the following sentence: "A person so imprisoned must be segregated insofar as practicable from offenders whose crimes were violent, and must be assigned to an institution of minimum security or, if space is available, to an honor camp, restitution center or similar facility." A classification statute that uses mandatory language (e.g., "must") can create a protected liberty interest. *Hewitt v. Helms*, 459 U.S. 460, 470–72, 103 S.Ct. 864, 870–71, 74 L.Ed.2d 675 (1983). However, in its 1985 session, the Nevada Legislature amended section 484.3795. The amended portion provides that at the time a person is imprisoned under that statute, unless he

has a prior felony conviction or a history of violent criminal conduct "... he must, insofar as practicable, be segregated from offenders whose crimes were violent and be assigned to an institution of minimum security or, if space is available, to an honor camp, restitution center or similar facility."

A word-by-word comparison of the legislation suggests that segregation from violent offenders always has called for the exercise of discretion by prison authorities ("insofar as practicable"). However, the "must be assigned to an institution of minimum security" language of the former statute appears to have been changed to "insofar as practicable" in the amended version. Such comparison would support Petitioner's position herein that, at the time of his conviction, assignment to a minimum security facility was mandatory.

The Nevada Supreme Court has ruled, however, that former section 484.3795 was unclear, and its amendment reflects the intent of the Legislature from the start. Petitioner herein had appealed Nevada district court denials of his petitions for writ of habeas corpus and writ of mandamus. The Nevada Supreme Court consolidated the two appeals (cases no. 16435 and 16440). In an Order Dismissing Appeals filed October 22, 1985, the unanimous Court, among other things, declared:

"Furthermore, we conclude that the district court did not err by denying appellant's petition for a writ of mandamus. In particular, we note that the district court's conclusion that the Department of Prisons has discretion in the classification of criminal offenders is supported by former NRS 484.3795 and the recent amendments to that statute. *See generally Bd. of County Comm'rs v. CMC of Nevada*, 99 Nev. 739, 670 P.2d 102 (1983) (when a doubtful interpretation is rendered certain by subsequent amendment, the amendment is persuasive evidence of the purpose and intent of the legislature in passing the former statute)."

When the application of federal law depends on an interpretation of state law, a federal court should defer to the ruling of the state's highest court on the issue. *Manalis Finance Co. v. United States*, 611 F.2d 1270, 1272 (9th Cir.1980); *Gentry v. MacDougall*, 685 F.2d 322, 323 (9th Cir.1982). The interpretation by the Nevada Supreme Court in Petitioner's own case that the amendment of NRS § 484.-3795 reflected the Legislature's intent that the Department of Prisons always was meant to have discretion in the classification of offenders under the statute, negates the creation of a constitutionally protected liberty interest in Petitioner. *See Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 844 (9th Cir.1985). A state prisoner may not be granted habeas corpus relief by a federal judge unless the prisoner is being held in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

The petition for a writ of habeas corpus is hereby DENIED.