Pedro DE LUNA, Jr., Plaintiff–Appellant,

v.

FARRIS, Sgt., Peace Officer at Arizona Police Dept.; Officer Grimmett, Police Officer at Arizona Police Dept.; Officer Ahumaoa, Peace Officer at Arizona Police Dept., Defendants–Appellees.

No. 86–2750.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 1987 *.

Decided March 9, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

J. Douglas McVay, Phoenix, Ariz., for plaintiff-appellant.

Katherine E. Baker, Phoenix, Ariz., for defendants-appellees.

Before ANDERSON, FERGUSON and NOONAN, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Pedro De Luna, Jr. (De Luna) appeals from the district court's grant of Farris's motion for summary judgment based upon a claim that De Luna's 42 U.S.C. § 1983 action was barred by the statute of limitations. We affirm.

The essence of De Luna's § 1983 action was that three Phoenix police officers (Farris) used unnecessary force (beat and hogtied him) in arresting him for armed robbery in Phoenix on June 7, 1983.[1] As a result of this, a preexisting leg injury was aggravated and De Luna experienced several medical problems and operations on his leg.

Since 42 U.S.C. § 1983 does not contain a limitations period, federal courts apply the state statute of limitations applicable to the most similar cause of action from the state in which the cause of action arose. *Board of Regents of the University of the State of New York v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). The appropriate statute of limitations period for a 42 U.S.C. § 1983 action is that of the state's statute of limitations in personal injury cases. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). A.R.S. § 12-542(1) provides a two-year period for filing personal injury claims.

At the time De Luna was arrested, A.R.S. § 12-502 provided that imprisonment was a disability that would toll the statute of limitations. This statute, however, was amended on August 3, 1984. It now provides that the period for disability for imprisonment exists only until the person imprisoned discovers the right to bring the action, or with the exercise of reasonable diligence should have discovered the right to bring the action, whichever occurs first. The magistrate found that it was unclear whether the amended § 12-502 was applicable since the claim arose on June 7, 1983, prior to the effective date of the amendment. To support the view that the amended statute should not be applied, he pointed to *Marks v. Parra,* 785 F.2d 1419 (9th Cir.1986). In *Marks,* we held that the 1984 amendment was inapplicable since Marks filed his complaint in June 1983 and the district court dismissed the complaint on June 15, 1983. Thus we found that the disability of imprisonment tolled the statute of limitations and the claim was not barred. In the instant case, however, while De Luna was injured on June 7, 1983, he did not file his first complaint until September 20, 1984, after the amended statute had become effective. Thus we are not bound to follow *Marks.*

In *Usher v. City of Los Angeles,* 828 F.2d 556 (9th Cir.1987), this court considered the impact of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) upon Usher. In *Wilson,* the Supreme Court held that the statute of limitations in § 1983 actions is that of the state's statute of limitations in personal injury

---

1. The dissent seems to assert these are established facts. They are only bare allegations.

cases. Usher's cause of action arose before the *Wilson* decision, but he did not file his complaint until after the decision. If the rule in *Wilson* was followed, it would result with the applicable statute of limitations being shortened from three years to one year. Usher filed his complaint one year and 19 days after the cause of action arose.

In determining whether *Wilson* should be retroactively applied, this court followed the criteria set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed. 2d 296 (1971). After deciding that a wholly retroactive application of *Wilson* would constitute a clear break with precedent, would retard one of the purposes of the new rule (i.e., safeguarding the rights of federal civil rights litigants), and would produce an inequitable result, this court ruled against a blanket retroactive application of *Wilson.*

*Usher,* which dealt only with the effect of *Wilson* on statutes of limitations in § 1983 actions that arose before the *Wilson* decision, is distinguishable from *De Luna.* While *Usher* dealt with the retroactive application of a judicial decision which had the effect of either lengthening or shortening a statute of limitations, *De Luna* deals with the retroactive application of an amended statute.

It is well established law that federal courts must apply not only the appropriate state statute of limitations, but also the applicable state rule for tolling that statute of limitations for actions brought under § 1983. *See, e.g., Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), *Stephan v. Dowdle,* 733 F.2d 642 (9th Cir.1984), *Maurer v. Ind. and as Members of Los Angeles City,* 691 F.2d 434 (9th Cir.1982). We are, therefore, required to look to the state rules for tolling this action.

Prior to its amendment, the Arizona Court of Appeals determined that the tolling provision of A.R.S. § 12–502 acted to toll prisoners' causes of action, at least until the filing date of the original complaint. *Smith v. MacDougall,* 139 Ariz. 22, 676 P.2d 656, 659 (App.1983). Following this decision, in *Stephan v. Dowdle,* 733 F.2d 642 (9th Cir.1984), the Ninth Circuit also applied Arizona's tolling statute to a prisoner's cause of action. In reaching its decision, this court overruled *Major v. Arizona State Prison,* 642 F.2d 311 (9th Cir. 1981), which held that the Arizona tolling provision was not applicable to prisoners. *Stephan,* 733 F.2d at 642. This was the state of the law at the time of De Luna's arrest and at the time his cause of action arose (as determined by the district court). At the time De Luna filed his complaint, however, the law had been amended. Consequently, the disability of imprisonment as a toll was limited to such time as when the prisoner either knows of his right to sue or with the exercise of reasonable diligence should have discovered his right to sue.

 The issue before us is whether the law at the time the cause of action arose or the law at the time of filing should be applied. Statutes are presumed to have only prospective effect and will be given retroactive effect only if there is affirmative legislative direction to do so. *See, e.g., Friel v. Cessna Aircraft Co.,* 751 F.2d 1037, 1039 (9th Cir.1985) (per curiam); *Puget Sound Power and Light Co. v. Federal Power Comm'n.,* 557 F.2d 1311, 1314 (9th Cir.1977).

The Arizona legislature amended § 12–502 on August 3, 1984, changing the limitation period. Arizona has provided what the result will be if a statute has the effect of changing an existing limitation. Under § 12–505(B), "[i]f an action is not barred by preexisting law, the time fixed in an amendment of such law shall govern the limitation of the action."

Farris argues that because De Luna's cause of action for personal injuries sustained on June 7, 1983 had not yet expired and was not barred by the time the 1984 amendment became effective, A.R.S. § 12–505 dictates that the amended statute governs De Luna's claim. The district court affirmed this argument and we agree. Thus we find that the amended § 12–502 controls.

Under § 12–502, the statute of limitations begins to run at such time as the

inmate discovers his right to bring the action, or with reasonable diligence should have discovered his right, whichever occurs first. De Luna argues, and the magistrate recommended, that the limitations period should be tolled until the date of filing of the first complaint which is the time De Luna discovered or should have discovered his right to bring the action.

While De Luna's argument is feasible, we find the district court's ruling more persuasive. The district court held:

It is not conceivable to this court that if the facts are as plaintiff alleges them, he did not in fact know he had a claim as of June 3, 1983 or, at minimum, through the exercise of diligence he should not have discovered his right to maintain an action as of that date. In his response to the defendants' objections to the Magistrate's Report and Recommendations, plaintiff seems to be suggesting that because he initially sued the wrong defendants, reasonable diligence would permit him to wait until the first action was dismissed to have concluded who were proper parties defendant. That he may have maintained the action against the wrong defendants does not change whether he knew or should have known on June 7, 1983 that he had a claim.

■ Under § 12–502 (1984), imprisonment acts as a disability until the date the inmate discovers or should have discovered his right to sue. We adopt the district court's reasoning and conclude that De Luna's claim arose on June 7, 1983, on the date of the alleged injury. Since De Luna should have, with the exercise of due diligence, realized his right to bring suit as a result of being beaten and hog-tied on June 7, 1983, his period of imprisonment acts as no disability. Under the two-year personal injury limitations period set forth in A.R.S. § 12–542(1), De Luna had until June 7, 1985 to file his complaint. He failed to do so, and thus this action is time-barred.

The district court's grant of summary judgment is

AFFIRMED.

FERGUSON, Circuit Judge, dissenting:

Pedro De Luna was beaten and hog-tied by three Phoenix police officers on June 7, 1983. He subsequently filed a civil rights action under 42 U.S.C. § 1983. By ignoring equitable tolling principles and through rigid adherence to technical rules of procedure, the majority unjustly has deprived De Luna of his day in court and barred him from seeking compensation for violations of his civil rights. Although giving lip service to state law, the majority has refused to follow Arizona law which allows equitable exceptions to statutes of limitation.

## I.

When adjudicating federal civil rights claims which lack necessary guidance under the federal laws, courts are to apply state law only if it is "not inconsistent with the Constitution and laws of the United States...." 42 U.S.C. § 1988; *Burnett v. Grattan*, 468 U.S. 42, 48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984).

The Supreme Court has stated that "recognizing judicial power to toll statutes of limitation in federal courts" does not entail "breaking new ground." *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 558, 94 S.Ct. 756, 768, 38 L.Ed.2d 713 (1974). Thus,

[t]raditionally and for good reasons, statutes of limitation are not controlling measures of equitable relief. Such statutes have been drawn upon by equity solely for the light they may shed in determining that which is decisive for the chancellor's intervention, namely, whether the plaintiff has inexcusably slept on his rights so as to make a decree against the defendant unfair.

*Holmberg v. Armbrecht*, 327 U.S. 392, 396, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946) (citation omitted). Moreover, "[e]quity eschews mechanical rules; it depends on flexibility." *Id.*

The Arizona Supreme Court has itself approved of the use of equitable principles to prevent the harsh consequences of strict application of statutes of limitations. Thus

it has held that "[a] court has a legitimate interest in the procedural rules that govern lawsuits, especially to prevent such rules from becoming a shield for serious inequity. Accordingly, a court may under certain circumstances make narrow equitable exceptions to statutes of limitations." *Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327, 1331 (Ariz.1985) (citations omitted); *cf. American Pipe & Construction*, 414 U.S. at 559, 94 S.Ct. at 769 (a federal statute providing for substantive liability which also sets a time limitation for instituting actions "does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose [of the substantive statute].").

While his complaint was not filed until after enactment of the 1984 amendment of the Arizona tolling provision, De Luna's cause of action arose prior to the date of amendment. The filing of his complaint also followed the period allowed for the timely filing of section 1983 actions under the tolling of the limitations period previously enjoyed by incarcerated plaintiffs such as De Luna.

De Luna's case thus presents a classic example of a circumstance in which equitable principles should prohibit application of the amended tolling provision. De Luna may have reasonably relied on the assumption that he was protected under the previous provision which tolled the statute of limitations during incarceration. This reliance would be premised on an assumption that the date of the incident giving rise to the cause of action is the effective date for purposes of determining which law governs. Equitable principles here stand against strict application of the amended tolling provision.

## II.

In *Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir.1987), the Ninth Circuit refused to retroactively apply the principle of law enunciated in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which shortened the statute of limitations for section 1983 actions in California. The panel held that retroactive application would severely prejudice those plaintiffs whose actions were filed prior to the *Wilson* decision, but not within the shortened limitations period, and that shortening the limitations period in such a circumstance would be a "clear break with precedent." At 560.

In reaching its decision, the *Usher* panel applied the three criteria enunciated in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971) for determining whether a rule of law will enjoy retroactive application. We should grant De Luna the same privilege. In implementing the third of the *Chevron* criteria by balancing the "advantages and harms to plaintiffs and defendants", *Usher*, at 560, it is clear from the record that equity favors not applying the amended tolling provision. If this appears too extreme, then at a minimum, De Luna should be entitled to an opportunity to establish facts which would support an equitable tolling of this amended statute of limitations. The retroactive application sanctioned by the majority "thwart[s], rather than enhance[s], the remedial purposes underlying section 1983." *Gibson v. United States*, 781 F.2d 1334, 1339 (9th Cir. 1986) (rejecting retroactive application of *Wilson* where it would serve to shorten the statute of limitations period), *cert. denied,* —— U.S. ——, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987).

## III.

It is well known that "[t]he goals of the federal [civil rights] statutes are compensation of persons whose civil rights have been violated, and prevention of the abuse of state power." *Burnett*, 468 U.S. at 53, 104 S.Ct. at 2931 (citations omitted). Under circumstances such as these, retroactive application should be denied. I would reverse the district court and remand for a hearing to determine if there was detrimental reliance or other facts existing which merit the exercise of equitable principles to toll the amended statute of limitations.