1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tim PERRY, Plaintiff-Appellant,
v.
Aundre LeBARON, Brenda Burns, Carol Ployhar, Don Helling,
Roger Jacobs, Robin Bates, John Ignacio, Glen Whorton, Peter
Demosthenes, Does I-X, and Doe Corporations or Entities I-V,
all in their individual capacities, Defendants-Appellees.
 No. 92-15499.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1993.
Decided July 28, 1993.
 MEMORANDUM**
 
 1
 Before HUG and LEAVY, Circuit Judges, and REAL*, Chief District Judge.
 
 
 2
 Tim Perry (Perry), a third-time Driving Under the Influence (DUI) offender, appeals the district court's dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of his action and its denial of his motion to reconsider that dismissal. Perry also appeals several discovery rulings. We do not reach those issues, as we affirm the dismissal of Perry's action. We review the dismissal de novo. See Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992).
 
 
 3
 Perry's second amended complaint is based on 42 U.S.C. Sec. 1983 and alleges that defendants violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution when they misclassified him, causing him to be housed in maximum security at the Nevada State Prison (NSP) where he was violently sexually assaulted by a fellow inmate when all the cell doors on his floor were opened by a Doe Defendant.
 
 
 4
 Perry first contends the district court erred in relying on Branch v. Tunnell, 937 F.2d 1382 (9th Cir.1991), in setting forth the standard for evaluating a motion to dismiss because subjective intent is not an essential element of the constitutional tort alleged in this case. We do not find merit in Perry's position. See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991).
 
 
 5
 Perry next contends he alleged sufficient facts to show that each defendant personally committed or participated in each other's affirmative acts or omitted to perform acts legally required that caused the deprivation of his constitutional rights. Perry concedes he has no constitutionally protected liberty interest in being housed in a minimum security facility. He relies instead upon Nev.Rev.Stat. Sec. 484.3792.1(a)(3)(c).
 
 
 6
 When the application of federal law depends on an interpretation of state law and no extraordinary circumstances exist, a federal court should defer to the ruling of the state's highest court on the issue. Gentry v. MacDougall, 685 F.2d 322, 323 (9th Cir.1982). The Nevada Supreme Court, in construing Nev.Rev.Stat. Sec. 484.3795, a statute with identical language to Section 484.3792.1(a)(3)(c), held that the Nevada Department of Prisons always was meant to have discretion in the classification of offenders under that statute, thus negating the creation of a constitutionally protected liberty interest. Maison v. Housewright, Nos. 16435 and 16440 (Nev.S.Ct. October 22, 1985) (Maison I ). See also Maison v. Sumner, 636 F.Supp. 595 (1986), aff'd without op., 810 F.2d 205 (1987); Mattern v. Sumner, 637 F.Supp. 527 (1986) (same). By analogy to Maison I, there is no state-created right of classification to a particular security level for which Perry can complain.
 
 
 7
 With regard to Perry's allegations of a failure to protect, we agree with the district court that Perry failed to allege nonconclusory facts showing how defendants acted with deliberate indifference and failed to allege that defendants personally participated in any of the alleged constitutional deprivations. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Manuel L. Real, Chief District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3