42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pablo CHAVEZ, Plaintiff-Appellant,
v.
STATE OF ARIZONA, and Samuel A. Lewis, Defendants-Appellees,
and
Robles, Lt., Defendant-Appellee.
 No. 94-15774.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Chavez, an Arizona state prisoner, appeals pro se the district court's judgment on the pleadings dismissing his 42 U.S.C. Sec. 1983 action brought against Samuel A. Lewis, Director of the Department of Corrections, and several other defendants (collectively "defendants"). Chavez alleged that the defendants violated his Eighth Amendment rights by failing to take action to protect him after Chavez allegedly warned defendants that he was targeted by other inmates for an attack. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "A judgment on the pleadings is a decision on the merits and we review it de novo." General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir.1989), cert. denied, 493 U.S. 1079 (1990). "Judgment on the pleadings is proper when it is clearly established that there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991), cert. denied, 112 S.Ct. 1161 (1992). "All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." General Conference, 887 F.2d at 230.
 
 
 4
 Chavez contends that the district court erred by dismissing Chavez's action as time-barred. This contention lacks merit.
 
 
 5
 In section 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994). The Arizona statute of limitations for personal injuries provides a two-year limitations period. A.R.S. Sec. 12-542(1). "While state law determines the period of limitations, federal law determines when a cause of action arises. Under federal law, a cause of action generally accrues when a plaintiff knows or has a reason to know of the injury which is the basis of his action." Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981) (citations omitted). Furthermore, "[i]t is well established that federal courts must apply not only the appropriate state statute of limitations, but also the applicable state rule for tolling that statute of limitations for actions brought under Sec. 1983." De Luna v. Farris, 841 F.2d 312, 314 (9th Cir.1988). The Arizona tolling provisions for prisoners' causes of action are contained in A.R.S. Sec. 12-502. Under A.R.S. Sec. 12-502, imprisonment acts as a disability until the date the prisoner discovers or with reasonable diligence should have discovered his right to sue. Id. at 315.
 
 
 6
 Chavez's section 1983 complaint was filed on August 12, 1993, more than two years after the cause of action arose. Chavez's contention that the two-year limitations period was tolled by A.R.S. Sec. 12-502 is without merit. We agree with the district court that by filing his state court action on March 11, 1991, Chavez either realized or should have realized his right to bring a section 1983 action as of that date. Under the two-year personal injury limitations period set forth in A.R.S. Sec. 12-542, Chavez had until March 11, 1993 to file his complaint. His section 1983 action therefore is time-barred.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Chavez's requests for oral argument and appointment of counsel are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Chavez relies on A.R.S. Sec. 12-504, the statute is facially inapplicable. See A.R.S. Sec. 12-504