## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01596-SCT

*WILLIE MACK MATLOCK*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/1997 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONALD L. KILGORE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 1/28/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE PITTMAN, P.J., SMITH AND MILLS, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This is an appeal from the Newton County Circuit Court's denial of post-conviction relief. Willie Mack Matlock (hereinafter "Matlock") pled guilty under Miss. Code Ann. § 63-11-30(4) (1996) to two counts of driving negligently while intoxicated resulting in the deaths of two people. Matlock was sentenced to 15 years on each of the two counts of the indictment to be served consecutively.

¶2. Matlock filed his Motion for Post-Conviction Relief on March 13, 1995, asserting that his sentence subjected him to double jeopardy. After a hearing before the trial court on November 17, 1997, Matlock's motion was denied. Matlock timely filed his Notice of Appeal to this Court and asks that his second conviction be reversed and rendered leaving his first conviction intact.

### STATEMENT OF THE FACTS

¶3. On August 8, 1993, Matlock had been fishing with friends and drinking beer. Subsequently, he drove his vehicle and collided with another vehicle operated by Ricky Harrison. As a result of the collision, Crystal and Jesse Harrison were killed. Matlock's blood alcohol content was measured at .17.

¶4. Matlock was indicted by the Newton County Grand Jury on December 11, 1993 for two counts of operating a motor vehicle while under the influence of intoxicating liquor, and for negligently causing the deaths of Crystal and Jesse. Matlock pled guilty to both counts and was sentenced to fifteen (15) years on each count.

¶5. Matlock filed his Motion for Post-Conviction Relief in the Circuit Court of Newton County arguing that his sentence subjected him to double jeopardy. At a hearing on his motion, the State argued that by pleading guilty, Matlock had waived his constitutional rights, including his right against double jeopardy. The trial court found that Matlock had knowingly and voluntarily pled guilty with the advice of counsel and that Matlock had waived his constitutional rights. Therefore, the motion was denied. He now appeals to this Court and assigns the following issue for this Court's consideration.

> **I. DOES MATLOCK'S TWO-PART CONVICTION UNDER MISS. CODE ANN. § 63-11-30(4) VIOLATE THE STATE AND FEDERAL PROHIBITIONS AGAINST DOUBLE JEOPARDY?**

## DISCUSSION OF LAW

> **I. DOES MATLOCK'S TWO-PART CONVICTION UNDER MISS. CODE ANN. § 63-11-30(4) VIOLATE THE STATE AND FEDERAL PROHIBITIONS AGAINST DOUBLE JEOPARDY?**

¶6. Matlock argues that this Court's decision in *Mayfield v. State,* 612 So. 2d 1120 (Miss. 1992), is controlling in the case *sub judice.* In *Mayfield,* the defendant was tried on an indictment which charged him with two counts of manslaughter by culpable negligence pursuant to Miss. Code Ann. § 97-3-47 (1972). Mayfield was granted a lesser included offense instruction on vehicular homicide pursuant to Miss. Code Ann. § 63-11-30(4) (1988). The jury found Mayfield not guilty of manslaughter by culpable negligence but guilty of two counts of aggravated D.U.I. Mayfield argued on appeal that because he had committed only one act of drunk driving, his conviction for two counts of vehicular homicide amounted to double jeopardy. This Court reversed Mayfield's second conviction and held that:

> In our view, it is fairly clear that § 63-11-30 proscribes the act of drunk driving, not the act of killing. Consequently, Mayfield's second conviction constitutes double jeopardy and must be reversed.

*Mayfield,* 612 So. 2d at 1128.

¶7. The State contends that the case *sub judice* is distinguishable from *Mayfield* because Matlock pled guilty to the two counts instead of being convicted by a jury. The State asserts that Matlock voluntarily, knowingly, and intelligently waived his constitutional rights. The record in this case supports the State's contention. In fact, Matlock does not argue that his plea was involuntary.

¶8. The trial court denied Matlock's Motion for Post-Conviciton Relief and stated that:

> In my opinion, there is a distinction between the *Matlock* case and the *Mayfield* case, in that there was a sentence as a result of a trial in the *Mayfield* case, wherein the *Matlock* case, the Defendant petitioned this Court to accept his plea. It certainly seems to me that he cannot receive the benefit of the Court, the mercy of the Court, by plea-bargaining to a fifteen year sentence and then turn around

shortly after that, and... The motion was filed March the 9th, 1995, come fourteen months after the entry of his plea, asking the Court to set aside a second sentence. Therefore, effectively making the sentence to be a fifteen year sentence, as opposed to a thirty year sentence. This Court will let the Supreme Court of the State of Mississippi resolve the issue. The motion is overruled.

¶9. "A guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." *Jefferson v. State,* 556 So. 2d 1016, 1019 (Miss. 1989). There are two exceptions to the general rule. A guilty plea does not waive the defendant's right to assert that the indictment fails to charge an essential element of the crime, nor does it waive subject matter jurisdiction. *Jefferson,* 556 So. 2d at 1019.

¶10. The State cites the United States Supreme Court's decision in *United States v. Broce*, 488 U.S. 563 (1989), to support its position that a guilty plea waives Matlock's double jeopardy argument. However, in that case the Court discussed an exception to the general rule set out in *Menna v. New York,* 423 U.S. 61 (1975), which we find applicable here. The Court explained that:

> The petitioner in Menna had refused, after a grant of immunity, to obey a court order to testify before a grand jury. He was adjudicated in contempt of court and sentenced to a term in civil jail. After he was released, he was indicted for the same refusal to answer the questions. He pleaded guilty and was sentenced, but then appealed on double jeopardy grounds. The New York Court of Appeals concluded that Menna had waived his double jeopardy claim by pleading guilty. We reversed, citing *Blackledge* for the proposition that "[w]here the State is precluded by the United States Constitution from haling the defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." 423 U.S., at 62. We added, however, an important qualification:

> "We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that--judged on its face--the charge is one which the State may not constitutionally prosecute." *Id.* at 63, n. 2 (emphasis added).

*Broce,* 488 U.S. at 575.

¶11. Even though the situation in *Menna* was obviously different than the case *sub judice*, it seems logical that the State may not accomplish through Matlock's guilty plea what it could not have accomplished through trial. Under *Mayfield,* a jury conviction on both counts of Matlock's indictment would not have survived this Court's review. Similarly, we hold that under *Mayfield* Matlock has been subjected to double jeopardy. Even though his drunk driving resulted in the deaths of two people, he committed one act of drunk driving.

¶12. Consequently, Matlock's second conviction constitutes double jeopardy and must be reversed. For the foregoing reasons, Matlock's Motion for Post-Conviction Relief should have been granted. Therefore, we affirm Matlock's first conviction and reverse and render his second conviction, as he has requested.

¶13. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, ROBERTS SMITH, MILLS AND WALLER, JJ., CONCUR. ROBERTS, J., SPECIALLY CONCURS WITH SEPARATE**

**WRITTEN OPINION JOINED BY PITTMAN, P.J., SMITH, MILLS AND WALLER, JJ.**

**ROBERTS, JUSTICE, SPECIALLY CONCURRING:**

¶14. Presiding Justice Pittman has written correctly as I understand the law, and I have joined his opinion because I believe it to be legally correct.

¶15. However, the Legislature may wish to amend the applicable statutes in order to provide for enhanced punishment in similar factual situations.

¶16. In *Gentry v. MacDougall*, 685 F.2d 322 (9th Cir. 1982), the Court of Appeals held that: (1) consecutive sentences imposed on the Appellant who was convicted on two counts of vehicular homicide as a result of a drunk driving accident, were authorized by the Arizona legislature; and (2) the double jeopardy clause did not prohibit the legislature from authorizing consecutive sentences for a single unintentional act. The court stated that, "It is settled law that without legislative authorization a court may not constitutionally impose consecutive sentences." *Gentry*, 685 F.2d at 323. Although, the court also found that "[t]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments."*Gentry*, *citing **Brown v. Ohio**, 432 U.S. 161 (1977)*.

¶17. While it is true that only one act of drunken driving was involved, it is equally true that this act deprived two innocent human beings of their lives. Such a serious consequence of one wrongful act is one borne by society, as well as by the families and friends of the victims, but society, as expressed through the will of the Legislature, may wish to take another look.

**PITTMAN, P.J., SMITH, MILLS AND WALLER, JJ., JOIN THIS OPINION.**