Neale E. SMITH, Plaintiff—Appellant,

v.

DEPARTMENT OF EDUCATION; et al., Defendants—Appellees.

No. 04–15262.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Neale E. Smith, Tucson, AZ, pro se.

R.App. P. 34(a)(2).

Jennifer Christine Guerin, Esq., Daniel G. Knauss, Office of the U.S. Attorney, Lisa A. Compagno, Assistant United States Attorney, Tucson, AZ, Lisa K. Hudson, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM [**]

Neale E. Smith appeals pro se from the district court's order dismissing his civil rights complaint against the U.S. Department of Education, the Secretary of the Department of Education, the Arizona Board of Regents, the University of Arizona, and several individuals, alleging, *inter alia*, a claim under the Age Discrimination Act ("ADA") in connection with the denial of his application for admission to graduate programs at the University of Arizona in 1998, 1999, and 2001. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996). We affirm the dismissal of Smith's third amended complaint.

■ The district court properly dismissed Smith's claims naming Terence Langendoen, Thomas Bever, and Thomas Hixon, because those claims relate to Smith's 1998 and 1999 denial of admission to the University of Arizona's linguistic program and therefore are time-barred. *See* Ariz.Rev.Stat. § 12–542(1) (establishing two year statute of limitations); *De Luna v. Farris*, 841 F.2d 312, 315 (9th Cir.1988).

■ The district court properly dismissed Smith's claims against the University of Arizona because it is not a jural entity with the capacity to sue or be sued, *see* Ariz.Rev.Stat. § 15–1626, and the Arizona Board of Regents is the proper party, *see* Ariz.Rev.Stat. § 15–1625(3).

■ The district court properly dismissed Smith's ADA claim against the Board of Regents because it sought injunctive relief that reached far beyond what would be needed to cure Smith's alleged violation. *See* Fed.R.Civ.P. 65(d); *Clark v. Coye*, 60 F.3d 600, 604 (9th Cir.1995).

■ The district court properly dismissed Smith's claims for monetary relief against state officials in their official capacity because those claims are barred by the Eleventh Amendment. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.1987).

■ The district court properly dismissed Smith's claims against attorneys Judith Leonard and Annemarie Hennelly acting in their positions as counsel because they are immune from suit as quasi-judicial actors. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir.2003).

■ The district court properly dismissed Smith's claims against the federal defendants acting in their official capacities because the ADA does not create a private right of action against the enforcement agency where an adequate remedy is available against the alleged discriminating party. *See* 5 U.S.C. §§ 701(a), 704.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ The district court properly dismissed Smith's 42 U.S.C. § 1983 claims against Linda Howard–Kent and David Christensen because federal officers, acting under federal authority, are immune from suit under section 1983. *See Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir.1986).

■ The district court properly dismissed Smith's ADA claims because he failed to state a prima facie claim for intentional discrimination due to age. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir.1994).

The district court properly dismissed Smith's claims under 42 U.S.C. § 1985 alleging that the Department of Education and the University of Arizona conspired to deprive him of his right to attend graduate school and to cover-up any ADA violations, because Smith failed to submit any admissible evidence to support those claims. *See Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir.1998) (holding that a plaintiff alleging a conspiracy under section 1985 must establish: the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; an act in furtherance of the conspiracy; and a resulting injury).

Smith's remaining contentions lack merit.

We deny all pending motions.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.