97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudy CASTANEDA, Plaintiff-Appellant,
v.
ARIZONA BOYS RANCH, INC.; Mario Gabaldon, Defendants-Appellees.
 No. 95-16254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This action arises out of the termination of plaintiff-appellant Rudy Castaneda's employment by defendant-appellee Arizona Boys Ranch ("ABR") and the filing of a report of suspected child abuse against Castaneda by his former supervisor at ABR, Denice Fitchie. Castaneda appeals the district court's dismissal of his defamation, Fourteenth Amendment, and 42 U.S.C. §§ 1981, 1983, and 1986 claims. Castaneda also appeals the district court's grant of summary judgment against him on his remaining claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review de novo the district court's dismissal of a portion of Castaneda's claims under Federal Rule of Civil Procedure 12(b)(6). Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir.1995).
 
 A. Claims Against ABR
 
 4
 Castaneda filed his original complaint on October 11, 1991. Any potential § 1983 claim arising out of his termination on July 5, 1989 is time-barred under the two-year statute of limitations applicable to § 1983 claims in Arizona. Marks v. Parra, 785 F.2d 1419, 1420 (9th Cir.1986) (citing Ariz.Rev.Stat.Ann. § 12-542). The intentional infliction of emotional distress claim arising from Castaneda's termination is also time-barred under the two-year statute of limitations. Hansen v. Stoll, 636 P.2d 1236, 1242 (Ariz.Ct.App.1981) (citing § Ariz.Rev.Stat.Ann. § 12-542(1)). Nor may Castaneda raise any § 1986 claim--whether based on his termination on July 5, 1989 or Fitchie's August 3, 1990 child abuse report against him--because of the one-year statute of limitation for § 1986 claims. 42 U.S.C. § 1986. Finally, the defamation cause of action arising out of the August 1990 child abuse report is also time-barred under Arizona's one-year limitations period applicable to libel and slander claims. See Ariz.Rev.Stat.Ann. § 12-541(1).
 
 
 5
 Under Patterson v. McLean Credit Union, 491 U.S. 164 (1989), Castaneda fails to state an actionable § 1981 claim because his allegations concern only his termination from employment and do not implicate a right to make or enforce contracts. Id. at 179-80. Effective November 21, 1991, the Civil Rights Act of 1991 amended § 1981 to cover termination of contracts as well, but the amendment does not apply retroactively to Castaneda's termination on July 5, 1989. Rivers v. Roadway Express, Inc., 511 U.S. 298, 114 S.Ct. 1510, 1513 (1994).
 
 
 6
 Castaneda's § 1983 claim based on Fitchie's child abuse report fails because Castaneda does not allege facts to show that Fitchie's actions as an employee of ABR--a private business--were "fairly attributable to the state." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Likewise, Castaneda's Fourteenth Amendment equal protection claim fails for lack of state action. Id.
 
 B. Claims Against Gabaldon
 
 7
 Castaneda contends that defendant Mario Gabaldon of the Child Protective Services ("CPS") exceeded his authority in investigating the allegation of child abuse against Castaneda. The gist of Castaneda's argument is that Gabaldon should not have "proceeded with an investigation based on Fitchie's falsified statements" when he "had other options." The Second Amended Complaint, however, does not allege specific facts to support an equal protection violation. Castaneda's vague and conclusory allegations of a § 1983 equal protection violation against Gabaldon cannot survive a motion to dismiss. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.1992), cert. denied, 506 U.S. 999 (1992); Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989).
 
 
 8
 Moreover, the district court properly dismissed Castaneda's § 1985 claim because Castaneda does not allege that Gabaldon discriminated against him as a member of a particular race or suspect class. Id. Because Castaneda fails to state a claim under § 1985, his § 1986 claim fails as well. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied, 504 U.S. 957 (1992). Finally, Castaneda's claim based on 42 U.S.C. § 2000e-5 fails with respect to Gabaldon because Title VII protects against "unlawful employment practice[s]," and Castaneda does not allege any employment relationship with Gabaldon.
 
 II
 
 9
 We review de novo the district court's grant of summary judgment in favor of ABR on Castaneda's remaining claims. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 A. Title VII
 
 10
 In passing on Castaneda's Title VII claim, we apply the order of proof and shifting of burdens set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Castaneda offers no evidence whatsoever to substantiate his assertion that Hispanic members of the ABR staff were treated differently than non-Hispanic employees. Castaneda's only evidence of gender discrimination was that one female social worker at ABR--Sue Schuster--did not perform identical work activities as other social workers, both male and female.
 
 
 11
 Even assuming that this feeble evidence establishes a minimal prima facie case of discriminatory intent, ABR articulates legitimate, non-discriminatory reasons for terminating Castaneda, including his inability to get along with other staff members, his refusal to participate in team meetings, his problems in dealing with probation officers and parents, and incidents of grabbing residents in a physically inappropriate manner. The event that directly precipitated Castaneda's termination occurred on June 27, 1989, when Castaneda left work without explanation or notice and caused an ABR resident to miss a court appearance. Further, ABR explains that it provided special accommodations for Schuster on account of her physical handicap, i.e., polio.
 
 
 12
 In response to ABR's race-neutral and gender-neutral explanation for his termination, Castaneda simply argues that ABR knew that Schuster had polio and should not have hired her. This bald assertion clearly falls short of "specific, substantial evidence of pretext." Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994). Thus, the district court properly granted summary judgment against Castaneda on his Title VII claim. Id.
 
 B. § 1985
 
 13
 The Second Amended Complaint includes a vague allegation that Fitchie and others at ABR conspired with Gabaldon to violate Castaneda's right to equal protection. Fitchie's affidavit, however, establishes that she did not even know Gabaldon, much less acted in concert with him in filing her report of child abuse against Castaneda. Castaneda produces no evidence whatsoever to establish the existence of a conspiracy, as required for a § 1985 claim. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Moreover, Castaneda contends that Fitchie filed her report to retaliate against his EEOC complaint, which, albeit improper, would not establish the racial or class-based animus requirement of § 1985. McCalden, 955 F.2d at 1223; Burns, 883 F.2d at 821.
 
 
 14
 C. Intentional Infliction of Emotional Distress
 
 
 15
 Finally, with regard to Castaneda's intentional infliction of emotional distress claim arising from ABR's "malicious" child abuse report to CPS, Fitchie filed the report based not only on her own observation of what she believed to be inappropriate behavior between Castaneda and his 14-year old stepdaughter, but also on information from a third party concerning potential abuse in that relationship. Castaneda does not dispute that as a social worker, Fitchie had a statutory duty to file a report concerning her suspicions of child abuse. Ariz.Rev.Stat.Ann. § 13-3620. In short, Castaneda fails to submit sufficient evidence of extreme or outrageous conduct to withstand ABR's motion for summary judgment on this claim. Mintz v. Bell Atlantic Systems Leasing Int'l, Inc., 905 P.2d 559, 563 (Ariz.Ct.App.1995).
 
 III
 
 16
 For the reasons aptly stated in the district court's oral rulings and July 30, 1993, July 5, 1994, and July 11, 1994 orders, we affirm the procedural rulings from which Castaneda appeals.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3