**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TL HARVEY,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>AK CHIN INDIAN COMMUNITY, believe to be municipal corporation; et al.,<br><br>　　　　　Defendants-Appellees. | No. 22-16875<br><br>D.C. No. 2:22-cv-00295-JAT-JZB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted August 15, 2022[**]

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

TL Harvey appeals pro se from the district court's judgment dismissing his

42 U.S.C. §§ 1983 and 1985 action alleging claims arising out of his arrest. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Harvey's requests for oral argument, set forth in the opening and reply briefs, are denied.

Federal Rule of Civil Procedure 12(b)(6) on the basis of the applicable statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). We affirm.

The district court properly dismissed Harvey's action as untimely because Harvey's action was filed more than two years after his claims accrued. *See TwoRivers*, 174 F.3d at 991-92 (explaining that federal courts apply the forum state's statute of limitations applicable to personal injury claims for § 1983 claims, but that federal claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis for the action"); *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986) (establishing that Arizona's two-year personal injury statute of limitations applies to § 1983 claims); *see also* Ariz. Rev. Stat. § 12-542 (providing two-year limitation period for personal injury claims); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (forum state statute of limitations governs § 1985 claims).

We do not consider Harvey's contentions regarding tolling that were not presented to the district court. *See Alexopulos ex rel. Alexopulos v. Riles*, 784 F.2d 1408, 1411 (9th Cir. 1986) (declining to consider tolling argument raised for the first time on appeal where no "manifest injustice" would result).

The district court did not abuse its discretion by denying Harvey's motion for an extension of time to file a motion for reconsideration. *See* Fed. R. Civ. P. 6(b) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b),

59(b), (d), and (e), and 60(b)."); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (standard of review).

**AFFIRMED.**