87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin GATISON, Plaintiff-Appellant,
v.
Joe RICHARDS, Sheriff; Deputy Sheriff Cathy; Deputy
Sheriff Tyrell; Deputy Sheriff Younce; Keith
Ludwig; Coconino County, Defendants-Appellees.
 No. 95-17384.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Calvin Gatison, an Arizona state prisoner, appeals pro se the district court's dismissal of count I of Gatison's civil rights complaint as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Arizona's two year statute of limitations for personal injury actions is the appropriate statute of limitations to apply to this section 1983 action. See Krug v. Imbordino, 896 F.2d 395, 397 (9th Cir.1990). A cause of action under section 1983 accrues when a party "knows or has reason to know of the injury" which forms the basis of the action. Vaughan v. Grijalva, 927 F.2d 476, 480 (9th Cir.1991).
 
 
 4
 Here, Gatison alleged in count I that about June 1992 defendants-deputy sheriffs Tyrell, Cathey, and Younce requested an inmate named Ludwig to assault Gatison. Count I alleges that, about two weeks later, Ludwig did assault Gatison, but "during [the] altercation, inmate Ludwig realizing he had no chance of committing the kind of bodily damage the sheriffs wanted done, confessed to Gatison, the plan by sheriffs deputies." The district court entered judgment as to count I pursuant to Fed.R.Civ.P. 54(b).
 
 
 5
 Gatison knew or had reason to know of his injury about June 1992 on the day of Ludwig's alleged assault upon Gatison and subsequent disclosure of the deputy sheriffs' involvement. Thus, Gatison's cause of action accrued about June 1992. Gatison's section 1983 complaint was not filed, however, until August 3, 1994. Accordingly, the district court properly dismissed count I of Gatison's complaint as barred by the statute of limitations.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal