**Dexter MYERS, Plaintiff,**

v.

**ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM (AHCCCS) et al., Defendants.**

**No. CV–96–00548–JMR.**

United States District Court, D. Arizona.

Nov. 26, 1996.

Dexter H. Myers, Tucson, AZ, Pro Se.

Paul E. Carter, Asst. Atty. Gen., Office of Attorney General, Tucson, AZ, for defendants.

## ORDER

ROLL, District Judge.

Pending before the Court is Defendants' Motion to Dismiss filed on October 15, 1996. Plaintiff filed a response to the motion on November 4, 1996, and Defendants filed a reply on November 13, 1996. For the following reasons, the motion to dismiss is granted.

## DISCUSSION

Plaintiff filed this action on September 11, 1996 against the Arizona Health Care Cost Containment System ("AHCCCS"), its current director, Mabel Chen, and its Tucson office employees Sharon Pollard and Ann Sierra. Plaintiff asserts that the action arises under the United States Constitution, and, accordingly, 42 U.S.C. § 1983, as well as

the Social Security Act, 42 U.S.C. § 1302 and 1395hh, 42 C.F.R. part 400, and violation of Title 9 of the Arizona Administrative Code, specifically those portions covering AHCCCS, Qualified Medicare . Beneficiary ("QMB") eligibility and benefits.

Plaintiff demands money damages in an amount equal to unpaid Medicare premiums, plus interest, for the period of August 1, 1991 through August 28, 1992, reimbursement from AHCCCS for all out-of-pocket costs incurred by Plaintiff as a result of AHCCCS' conduct, and exemplary damages.

Generally, Plaintiff indicates that on June 28, 1991, Plaintiff applied for status as a Qualified Medicare Beneficiary, which apparently was granted and Plaintiff began receiving identification cards reflecting his status. Then, in June 1992, as a result of non-payment by AHCCCS of Medicare premiums, Plaintiff wrote AHCCCS demanding payment. Plaintiff also mentioned in that certified letter his receipt of a letter in his mailbox from AHCCCS addressed to "Don Stroud." Thereafter, Plaintiff asserts that he received at least two redetermination appointment notifications from AHCCCS through the mail which he disregarded as a result of his writing demanding payment. Plaintiff contends that the certified letter and Stroud incidents, coupled with his allegations in previous cases before this Court, show intent to deprive Plaintiff of a statutory entitlement.

In the motion to dismiss, Defendants request dismissal of this action on the grounds of the running of the applicable statute of limitations, immunity and Plaintiff's failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Because the Court finds Plaintiff's claims are barred by the statute of limitations, as set forth below, the Court does not address the other bases for dismissal raised by Defendants in the motion to dismiss.

■ For actions brought pursuant to 42 U.S.C. § 1983, Federal courts apply the statute of limitations for personal injury actions of the state in which the claim arises. *Krug v. Imbordino*, 896 F.2d 395, 396–97 (9th Cir. 1990). In Arizona, the applicable statute provides for a limitations period of two years from the date the cause of action accrues. *See* Ariz.Rev.Stat. § 12–542. Although state law determines the period of limitations, federal law determines when the cause of action arises. *Vaughan v. Grijalva*, 927 F.2d 476, 480 (9th Cir.1991). Under federal law, a cause of action generally accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991), *cert. denied*, 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 409 (1992).

■ Here, Plaintiff requests recovery of wrongfully withheld Medicare premiums for the time period of August 1, 1991 through August 28, 1992. Plaintiff filed his complaint in this action on September 11, 1996, more than four years after the time period at issue here. Additionally, even assuming that Plaintiff did not know or had no reason to know of the injury which is the basis of this action until the filing of his first allegedly related lawsuit, the complaint in *Myers v. City of Tucson, et al.*, CV 94–341 TUC JMR, the earlier of the two prior cases referred to by Plaintiff in his complaint, was filed on May 23, 1994, over two years prior to the filing of the present action. Thus, Plaintiff's claims are barred by the statute of limitations, and the case will be dismissed.

■ A pro se litigant must be given an opportunity to file an amended complaint, unless the amendment could not cure the deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987). Here, as discussed, Plaintiff's claim is barred by the statute of limitations, and amendment of the complaint cannot cure this deficiency. Accordingly, the Court will not grant Plaintiff leave to file an amended complaint.

Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**, and this case is **DISMISSED. JUDGMENT** shall be entered accordingly.